LENDERINK _v._ VILLAGE OF ROCKFORD.

135    531
152   ¹615

1. MUNICIPAL CORPORATIONS — PERSONAL INJURIES — INDEPENDENT CONTRACTORS—MASTER AND SERVANT.
    Where defendant village let a contract for the construction of a sewer, the contractor being independent in the employment and control of the workmen, including plaintiff, and free from direction and restraint in the digging and curbing of the trench, the relation of master and servant did not exist between plaintiff and defendant, and defendant was not liable for injuries to plaintiff from a caving in of the ground.

2. SAME—ASSUMPTION OF RISK—CONTRIBUTORY NEGLIGENCE.
    The determination of the necessity for curbing having rested with the curbers and diggers, of whom plaintiff, experienced in the work, was one, and the danger being obvious, he assumed the risk, and was guilty of contributory negligence.

3. SAME—NEGLIGENCE—FELLOW-SERVANTS.
    The contractor, having furnished ample material for curbing, and a competent man to attend to the work, had performed his full duty to plaintiff, and the negligence, if any, whereby plaintiff was injured, was that of a fellow-servant.

Error to Kent; Wolcott, J.   Submitted January 14, 1904.   (Docket No. 39.)   Decided January 26, 1904.

Case by Richard Lenderink against the village of Rock-

ford for personal injuries caused by the caving in of a sewer trench. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

The defendant village made a contract with one Williams to construct a sewer, commencing on Bridge street, extending to the intersection of Main street, and then extending some distance on Main street. By the contract the contractor was required to guard the public effectually from liability on account of the digging of the trench, and was made responsible for any damages which the defendant might be compelled to pay in consequence of his neglecting any necessary precautions. Defendant employed an inspector to see that the pipe was properly laid, and this was all the village had to do with the work. The contractor employed, paid, and discharged all the workmen, including plaintiff, who was a man of large experience in that kind of work.

At the recommendation of plaintiff, the contractor employed one Vogt as a competent man to do the curbing. The determination as to the necessity of curbing rested with the diggers and the curbers. At the intersection of the two streets the sewer ran in close proximity to a water main. The diggers here struck made ground. The contractor suggested curbing, but the diggers thought it safe without. The contractor furnished plenty of material for curbing. The ground caved and injured the plaintiff.

When the plaintiff rested, the court directed a verdict for the defendant for three reasons: (1) Because the work was done by an independent contractor, by whom plaintiff was employed, and the relation of master and servant did not exist between plaintiff and defendant; (2) because the danger was obvious, the plaintiff assumed the risk, and was guilty of contributory negligence; (3) because the contractor had provided material for curbing, and a competent man to do the work, and, if there was any negligence, it was that of a fellow-servant.

*Thompson & Temple* (*Allen C. Adsit*, of counsel ), for appellant.

*Knappen, Kleinhans & Knappen*, for appellee.

GRANT, J. (*after stating the facts*).   1. The instruction was correct.   Counsel for plaintiff cite several cases, including *City of Detroit* v. *Corey*, 9 Mich. 183 (80 Am. Dec. 78).   That case involved the liability of the municipal corporation to travelers upon its highways, holding that the municipality cannot defend, as against strangers in the lawful use of the street, by setting up an independent contract to perform the work.   Such cases have no application here.   They also cite *Ostrander* v. *City of Lansing*, 111 Mich. 693 (70 N. W. 332).   That was a case where the sewer was being constructed by the city, in whose employ the plaintiff was.   That case has no application.   This case is within the rule enunciated in *Wright* v. *Manufacturing Co.*, 124 Mich. 91 (82 N. W. 829, 50 L. R. A. 495), and authorities there cited.   The contract was with an independent contractor, and for certain results. How the digging was done, what means or methods were used, were matters which did not concern the defendant, which had no control over them.   The sole duty of the inspector was to see that the tile were laid to the proper depth, and in the proper manner, after the trench was dug. It had no control in any way whatever over the workmen employed by the contractor, or over the method used in digging.   In such cases the relation of master and servant does not exist, and the neglect of the contractor is not imputable to the party for whom the work is done.   In other words, the rule of *respondeat superior* does not apply.   2 Dill. Mun. Corp. § 1028.

2. Plaintiff assumed the risk.   He was a man of experience in digging sewers.   The contractor spoke to him about curbing, but plaintiff did not think it was necessary; he thought it was safe enough.   The president of the village also suggested that the trench needed curbing, and

plaintiff told him he thought it was safe. Knowing the situation as well as any one, and having it in his own power to determine the question, and to refuse to work, he continued to work without protest.

3. If there was any negligence, it was the negligence of plaintiff's fellow-servant, Mr. Vogt. The contractor had furnished plenty of sound material, and a competent man to attend to the work of curbing. Under these circumstances, the employer had performed his full duty towards the plaintiff.

Judgment affirmed.

CARPENTER, MONTGOMERY, and HOOKER, JJ., concurred with GRANT, J.

MOORE, C. J. I concur in the result upon the second ground stated in the opinion.