OLIVER CHILLED PLOW WORKS *v.* DOLAN.

SALES—CONTRACTS—CONSTRUCTION—CONDITIONS.
  Where plaintiff, a manufacturer of plows, used the same blank
    form to create sales agencies and for sales to the trade, an
    indorsement on the blank that plaintiff retained title to the
    goods until paid for was not a part of a contract for the sale
    of goods to defendant's assignor, providing for absolute pay-
    ment at specified dates, which both parties must have under-
    stood would be after the purchaser would have sold most of
    the goods in the due course of trade, and which did not qual-
    ify the buyer's right to make sales in any manner satisfactory
    to himself, though it also contained a provision that the buyer
    recognized as lawful and binding "all conditions and agree-
    ments on this sheet."

Error to Ingham; Wiest, J. Submitted February 16,
1905. (Docket No. 163.) Decided April 21, 1905.

Replevin by the Oliver Chilled Plow Works against
Patrick H. Dolan. There was judgment for plaintiff, and
defendant brings error. Reversed.

*P. H. Dolan* (*Black & Reasoner*, of counsel), in pro.
per.

*Charles F. Hammond*, for appellee.

CARPENTER, J. In December, 1902, plaintiff and D. J.
Mahoney (defendant's mortgagor), a retail dealer of agri-
cultural implements in the city of Lansing, executed a
written agreement, of which the following is a copy:

                    "LANSING, Dec. 24, 1902.
          "ORDER. ·
"OLIVER CHILLED PLOW WORKS,
          "South Bend, Ind.
  "Please ship on or about the 15th day of February, 1903,

via. L. S. R. R., sure, from South Bend, the goods below specified.

"This order is given at the discounts named below from current price lists of the Oliver Chilled Plow Works due and payable ¼ May 20, ½ Sept. 20, ¼ Nov. 20, 1903, with 10 per cent. additional discount for cash, if paid by that date. Payment to be made in New York or———ex-change, or currency by express, charges prepaid. Remit-tances by check at customer's risk. Failure to realize from any cause will be at customer's loss. Subsequent orders during the season are subject to all the conditions of this contract and to changes in prices and discounts without notice, are due on the 20th day of the month fol-lowing purchase, and are subject to 14 per cent. cash dis-count if paid at maturity. The terms to the trade and the conditions and agreements on this sheet are recognized as lawful and binding by all the parties hereto."

This was signed "D. J. Mahoney," and accepted sub-ject to approval of the Oliver Chilled Plow Works by plaintiff's salesman. Then followed a statement of terms to the trade, and then a description of the goods ordered (which consisted of 50 plows and a large quantity of slips, points, molds, etc.). Above the order, which was given on a blank prepared by plaintiff, was printed this:

"The handling of bogus or imitation plows, extras, or repairs will work a forfeiture of this agency. Contract for agency of Oliver chilled and steel walking and riding plows for the season ending Nov. 1, 190–."

On the back of this contract appeared in large letters this indorsement: "Agency Contract for Oliver Chilled and Steel Plows, taken by ———." In another column, printed in smaller type, was: "Territory ———."

"Agents are not permitted to sell outside the territory assigned them. * * *

"In all cases the title to and ownership of goods manu-factured by the Oliver Chilled Plow Works shall remain vested in said Oliver Chilled Plow Works until paid for."

This same column contained many other stipulations.

Some of them were clearly limited in their application to agents.

After the goods were delivered to Mahoney under this contract, and before they were paid for, he mortgaged the same to defendant for the purpose of securing his creditors. The plaintiff, claiming that by the indorsement on the contract it retained title until the goods were paid for, brought this action of replevin. Mahoney testified that he did not know that there was any indorsement whatever on the contract, while plaintiff's testimony indicated that this indorsement was brought to his attention at the time he signed the ordered. The trial court directed a verdict in plaintiff's favor. Defendant appeals.

The decisive question is this: Is the indorsement retaining title in plaintiff a part of the contract of sale? Cases have arisen where it was clear that one of the parties to a contract intended that indorsements thereon should be a part of the contract, and the issue in dispute was whether the other party assented to that intent. Jurists have not agreed upon the principle by which that issue should be determined. Compare *Seymour* v. *Farquhar*, 93 Ala. 292, with *Parker* v. *Railway Co.*, L. R. 2 C. P. D. 423, and *Henderson* v. *Stevenson*, L. R. 2 H. L. Sc. App. 470.

We are not called upon to consider that interesting question, because here, as we shall endeavor to show, it was not plaintiff's intention to make the indorsement reserving title a part of its contract with defendant's mortgagor. The contract under consideration was a contract of sale. It was made on a form prepared by plaintiff to be used when it made a contract for goods to be sold by an agent, as well as when it sold them to the trade. When the form was used to create an agency, certain blanks were filled, which, when it was used for the purpose of a sale to the trade, as in this case, were left vacant.

Thus certain provisions indorsed on the contract were operative when an agency was created which had no application in case of a sale. We think the indorsement retaining title until the goods were paid for is such a provision. It will be noticed that defendant's mortgagor had until November 20, 1903, to pay for goods which (it is fair to assume) both contracting parties intended would be sold before that date. No provision in the contract qualified the vendee's right to make such sales, and to make them in any manner satisfactory to himself. He had, therefore, a right to transfer to the purchasers an absolute title or anything less than an absolute title. A provision retaining title in plaintiff until the season closed would, as between the vendor and vendee, nullify this right. It would prevent the vendee from doing precisely what the contract intended he should do. We are bound, therefore, to decide that the indorsement which retained title in plaintiff had no application to the contract of sale under consideration.

In reaching this conclusion we have considered and rejected plaintiff's contention that the language recognizing "as lawful and binding" "all conditions and agreements on this sheet" makes the indorsement reserving title a part of the contract. It is proper that we should state why we reject that contention. This clause does not say that all indorsements thereon shall be a part of the contract. Neither can it be so construed, for it is clear that the indorsement restricting the sales of an agent to a specific territory is not a part of the contract. The utmost that plaintiff can claim, then, is that this clause makes *some,* but not *all,* of the indorsements a part of the contract. If so, the court must determine by considering the writing —that is, by construing it—whether a particular indorsement is a part of a particular contract. It is obvious that that question must be determined by the general principles applicable in the construction of contracts. Those princi-

ples have already been applied in construing the contract in suit. They will not permit us to read into the contract by implication any provision which (like that reserving title in the vendor) would defeat the purpose for which the contract was made. See *Walker* v. *Douglas*, 70 Ill. 448; *First Nat. Bank of Baltimore* v. *Gerke*, 68 Md. 456; *Hunter's Adm'rs* v. *Miller's Ex'rs*, 45 Ky. 619.

While the clause reserving title to plaintiff has no application to this case where the goods were sold to the trade, it is easy to see how it may have application when goods are consigned to an agent. It may then be regarded, as between principal and agent, as a limitation upon the agent's authority to sell. In case he makes a sale on credit, title is to remain in the vendor (the agent's principal) until the goods are paid for.

It follows from these views that the learned trial judge erred in directing a verdict for the plaintiff. He should have directed a verdict for the defendant.

Judgment reversed, with costs, and a new trial ordered.

Blair, Montgomery, Ostrander, and Hooker, JJ., concurred.