HAXER *v.* GRIESSEL.

1. NEGLIGENCE—PERSONAL INJURIES—EMPLOYÉS OF INDEPENDENT CONTRACTORS—USE OF LADDER.

After having been warned to take his ladder down when he had finished certain work, as it was getting windy, the alleged negligence of a painter in leaving his ladder resting on the freshly-painted surface of the house, so that it could and did blow down and injure the employé of another contractor, was a question for the jury.[1]

2. SAME—MASTER AND SERVANT—FELLOW-SERVANT.

The employé of a contractor engaged in painting a house is not the fellow-servant of a carpenter employed by a different contractor.

3. SAME—ASSUMPTION OF RISK—CONTRIBUTORY NEGLIGENCE.

The injured employé cannot be held to have been guilty of contributory negligence, as a matter of law, for failing to protect himself from the danger, which, it appeared, he had not observed or appreciated.

Error to Wayne; Murphy, J. Submitted June 16, 1910. (Docket No. 65.) Decided July 14, 1910.

Case by Frank Haxer against Adam G. Griessel and J. Henry Leuzen, copartners as Griessel & Leuzen, for personal injuries. A judgment for defendants on a verdict directed by the court is reviewed by plaintiff on writ of error. Reversed.

*James H. Bayne* (*George P. Palmer*, of counsel), for appellant.

*James H. Pound*, for appellees.

The appellant, a carpenter 69 years of age, was injured by falling from a scaffold which was broken down by a

[1] As to liability of master to servants of independent contractor, see note to *Bright* v. *Barnet & Record Co.* (Wis.), 26 L. R. A. 524.

falling ladder. The scaffold upon which he was working at the time of his injury was built by himself and his fellow workmen; it was only six or seven feet high, and was of sufficient strength to sustain the weight of two men. Appellant was alone upon it when injured. The scaffold was standing close to the wall of the building, and appellant was engaged in completing the finishing work under a bay window, easily within his reach when standing upon the scaffold. Defendants were independent contractors, having the contract for the painting of the building upon which appellant was working as a carpenter for a different master, the carpenter contractor. Appellant was working at one side of the bay window, when defendants' servant, Bishop, placed a 20-foot ladder against the building upon the other side of the window, one upright of the ladder resting against the wall, and the other against the edge of the roof of the bay window, which, at the point of contact, was but seven-eighths of an inch thick. At about 4 o'clock in the afternoon, defendant Griessel called at the building, and found Bishop on the ladder at work. He told Bishop to take his brush and finish a certain portion of the work and then to take his ladder down, as it was getting windy. This order made it necessary for Bishop to change his paint and use a different color. To accomplish this he descended from the ladder and went into the building, where he kept the different paints. While he was absent a gust of wind caught the unprotected ladder, causing it to fall. In falling it struck the scaffold upon which appellant was standing, broke it, and appellant was precipitated to the cement walk and injured. Plaintiff's testimony was to the effect that the ladder struck him on the head. There was testimony tending to show that the edge of the bay-window roof, against which one side of the ladder rested, was newly painted, and therefore slippery. A verdict was directed for defendants upon two grounds, *first*, that no negligence had been shown on the part of the defendants, and, *second*, that appellant had assumed the risk of

a danger clearly as obvious to him as to Bishop, the painter. Appellant has removed the case to this court for review by writ of error.

Brooke, J. (*after stating the facts*). A careful reading of the record impels us to the conclusion, that the question of defendants' negligence should have been submitted to the jury. While the placing of the ladder in the position in which it stood at the time of the accident, and its use by Bishop while in that position, may be said to indicate reasonable care upon his part, or at least to afford no evidence of negligence, we are still of the opinion that his leaving it, even for the time necessary for him to change his paints, leaning against the freshly-painted, slippery edge of the roof of the bay window, under the weather conditions which prevailed and to which his attention had been at that moment called by his master, was such an act as to warrant the court in taking the verdict of the jury as to its character. *Barnowsky* v. *Helson*, 89 Mich. 523 (50 N. W. 989, 15 L. R. A. 33); *Detzur* v. *Brewing Co.*, 119 Mich. 282 (77 N. W. 948, 44 L. R. A. 500); *Lauer* v. *Palms*, 129 Mich. 671 (89 N. W. 694, 58 L. R. A. 67). Towards this appellant Bishop owed the duty of reasonable care. They were not fellow-servants, and, if his act in leaving the ladder unattended in the position and under the weather conditions disclosed by the record amounted to negligence, the defendants, his masters, were liable.

Appellant testified that, while he saw Bishop painting the bricks and the other bay window, he paid no attention to the position of the ladder before it fell; that he did not look at it, or at the painter upon it; that he was busy with his own duties. Whether, under all the circumstances, he should have noticed, appreciated, and protected himself against the danger which caused his injury, was a question of fact for the determination of the jury. Upon this question reasonable minds might draw different conclusions. He cannot be held guilty of contributory neg-

ligence as a matter of law. *Detroit, etc., R. Co.* v. *Van Steinburg*, 17 Mich. 99; *Grand Rapids, etc., R. Co.* v. *Martin*, 41 Mich. 667 (3 N. W. 173); *Teipel* v. *Hilsendegen*, 44 Mich. 461 (7 N. W. 82); *Adams* v. *Iron Cliffs Co.*, 78 Mich. 271 (44 N. W. 270, 18 Am. St. Rep. 441); *Briant* v. *Railroad Co.*, 104 Mich. 307 (62 N. W. 365); *Becker* v. *Railway Co.*, 121 Mich. 580 (80 N. W. 581); *Graham* v. *Evening Press Co.*, 135 Mich. 298 (97 N. W. 697).

The judgment is reversed, and a new trial ordered.

OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.