BACON *v.* CANDLER.

1. NEGLIGENCE—STREETS—LADDERS, USE OF.

It was a question of fact for the jury whether defendants' servants were guilty of negligence, in view of the weather conditions disclosed and known to them, in leaving a ladder unguarded or unfastened against the side of a building in the public street so that the wind blew it down upon a pedestrian.

2. SAME—INDEPENDENT CONTRACTOR—MASTER AND SERVANT.

A copartnership that furnished labor and materials for general repair work and painting upon a building or store, having submitted bids in response to an advertisement therefor and having control of the work subject to the supervision of general contractors to see to the proper execution of the work, was not a servant of the general contractor but an independent contractor, liable for the negligence of its employees.[1]

3. SAME.

Nor would the fact that at the moment of the accident the employee was engaged in some work that the general contract did not cover, and for which the owner had agreed to pay extra compensation directly to the defendants, relieve them of their liability for such negligence.

---

[1] On the general question who are independent contractors, see notes in 65 L. R. A. 445 and 17 L. R. A. (N. S.) 371.

Error to Wayne; Donovan, J.  Submitted April 27, 1914.  (Docket No. 136.)  Decided July 24, 1914.

Case by Elbridge F. Bacon against James D. Candler and George V. Candler, copartners as J. D. Candler & Company, and Vinton Company, a corporation, for personal injuries.  Judgment for defendants on a verdict directed by the court.  Plaintiff brings error.  Reversed.

*N. Calvin Bigelow,* for appellant.

*Lodge & Brown,* for appellees Candler.

BIRD, J.  The injury for which plaintiff seeks to recover in this case occurred while he was walking south on the west side of Woodward avenue, in the city of Detroit.  When he reached the southwest corner of the intersection of Woodward avenue and State street, a ladder which was leaning against the Siegel store blew over and struck him on the head, causing injuries of a serious nature.  The ladder was an ordinary one, 14 feet long, and was being used by an employee of defendants Candler & Co. in constructing or repairing the galvanized iron cornice which covered the show windows on the State street side of the Siegel store.  The employee who was using the ladder left it for a moment for some purpose which is not disclosed.  The neglect which the defendants were charged with was the act of leaving the ladder leaning against the building with no one in charge to prevent it from falling onto pedestrians traveling on said streets.  Defendant Vinton Company had the contract to make general repairs on the Siegel store.  The contract for doing the cornice work over the show windows was sublet by it to defendants Candler & Co.  Upon the trial plaintiff discontinued as to the Vinton Company, leaving Candler & Co. the sole defendants.  At the conclusion of the proofs, the trial court was of

the opinion that the injury was caused by a pure accident, and that no recovery could be had therefor; but he observed that, if there were any negligence, it should be chargeable to the Vinton Company.

There seems to be no contest as to the facts, and it is insisted by plaintiff that the testimony brought the case squarely within the rule in *Haxer* v. *Griessel*, 162 Mich. 310 (127 N. W. 309), a case in which the facts were very similar. In that case it was said by Mr. Justice BROOKE that:

"A careful reading of the record impels us to the conclusion that the question of defendants' negligence should have been submitted to the jury. While the placing of the ladder in the position in which it stood at the time of the accident, and its use by Bishop while in that position, may be said to indicate reasonable care upon his part, or at least to afford no evidence of negligence, we are still of the opinion that his leaving it, even for the time necessary for him to change his paints, leaning against the freshly painted, slippery edge of the roof of the bay window, under the weather conditions which prevailed and to which his attention had been at that moment called by his master, was such an act as to warrant the court in taking the verdict of the jury as to its character."

We are of the opinion that this case is controlling of the one under consideration, and that the trial court erred in directing a verdict on this ground.

Were Candler & Co. independent contractors? The court held that, if there were any actionable negligence, the Vinton Company must be charged with it, thereby holding, in effect, that Candler & Co. were not independent contractors. The testimony in the record bearing upon the question of what the contract was is somewhat meager, but from what does appear we are led to the conclusion that defendant Candler & Co. were independent contractors. It is shown that the Vinton Company advertised for bids for the construction of the galvanized iron cornice over the show

windows according to plans and specifications; that Candler & Co. submitted a bid and it was accepted. It appears that Candler & Co.'s contract included the furnishing of the materials and the labor, and was to be done for a fixed price. There is no showing that the Vinton Company reserved the right to control in any manner the execution of the work, or that any attempt was made to do so. It reserved the right of supervision, but, we think, only as to results. The reservation of the right by the Vinton Company to see that the work was executed in accordance with the plans and specifications would not make it liable for the negligent manner in which it was done. *Lenderink* v. *Village of Rockford,* 135 Mich. 531 (98 N. W. 4).

There is some testimony that, at the precise time the injury occurred, Candler & Co.'s employee was engaged in repairing some roofing for which an extra charge was made by them. The authority to do the extra work was communicated by Siegel through the Vinton Company to Candler & Co., with a promise to pay extra for it. The inference is that the extra work was not included in the contract of the Vinton Company, but that the company was used merely as a medium through which to communicate the fact to Candler & Co. that Mr. Siegel desired the extra work done, and that he would pay the added expense. This showing might bear upon the liability of Siegel, but would not charge the Vinton Company for the negligence of the employee of Candler & Co. while making repairs. We are of the opinion that the trial court was likewise in error as to this question.

The judgment of the trial court is reversed, and a new trial granted.

McALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.