## PARKS *v.* STARKS.

1. NEGLIGENCE—INTERVENING NEGLIGENCE OF ANOTHER.

An original act of negligence does not lose its character of proximate cause, imposing liability upon its perpetrator, by virtue of intervening negligence of another unless such later negligence consists of an omission to act by a person who had assumed a duty which, performed, would have averted the injury, or had done some act which, if properly done, would have averted it.

2. SAME—PROXIMATE CAUSE—CONTINUING EFFECT OF ORIGINAL ACT —INTERVENING ACT.

An act of negligence which is a substantial factor in bringing about an injury does not cease to be a legal and proximate cause thereof because of the intervention of a subsequent act of negligence of another which contributed to the injury, if the prior act of negligence is still operating, and the injury inflicted is not different in kind from that which would have resulted from the prior act.

3. SAME—LAPSE OF TIME—PROXIMATE CAUSE.

The mere lapse of time between defendant's negligence and plaintiff's resultant injuries will not serve to transform that which, otherwise, would be a proximate cause into a remote cause excusing defendant from liability.

4. SAME—PROXIMATE CAUSE—TIME—DISTANCE.

An act can be accepted as the proximate cause of an injury without reference to its separation from the injury in point of time or distance, provided there is a direct, natural, and continuous sequence between the act and the injury.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  38 Am Jur, Negligence § 67 *et seq.*
[3, 4]  38 Am Jur, Negligence § 55.
[5, 6]  38 Am Jur, Negligence § 58.
[7–9]  38 Am Jur, Negligence § 228.
[7]  38 Am Jur, Negligence §§ 79, 80.

5. SAME—FORESEEABLE CONSEQUENCES.

A plaintiff may recover for injuries resulting from defendant's negligent act if the injury was the natural and probable consequence of the negligence of the defendant, which, under the circumstances, an ordinarily prudent person ought reasonably to have foreseen or anticipated might possibly occur as a result of the negligence, it being immaterial that the manner in which the injury is suffered be foreseen or anticipated in specific detail.

6. SAME—GARAGE CANOPY—PROXIMATE CAUSE OF PLAINTIFF'S INJURY—FORESEEABLE DANGER.

Trial court's findings that plaintiff's injury from collapse of garage canopy was a natural and probable consequence of defendant's negligence in striking the pillar support for the canopy and that the danger should have been foreseen or anticipated by defendant were not against the clear preponderance of the evidence.

7. SAME—CONTRIBUTORY NEGLIGENCE—GARAGE CANOPY—QUESTION OF FACT.

The action of plaintiff, a deputy sheriff, who had given defendant motorist a ticket for reckless driving after latter had collided with pillars supporting a garage canopy, and notified one of the garage owners late at night that there was a dangerous situation and then investigated the following morning to see if barricades had been erected, discovered children under the canopy and was starting toward them when the canopy collapsed upon him, *held*, to have presented a question of fact as to his contributory negligence and not to have been contributory negligence as a matter of law.

8. SAME — CONTRIBUTORY NEGLIGENCE — RESCUE OF ANOTHER IN DANGER.

One who sees a person in imminent and serious peril caused by the negligence of another cannot be charged with contributory negligence, as a matter of law, in risking his own life or serious injury in attempting to effect a rescue, provided the attempt is not recklessly or rashly made.

9. SAME—CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW—RESCUE OF CHILDREN IN DANGER.

Deputy sheriff who had known of dangerous condition of garage canopy was not guilty of contributory negligence as a matter of law in standing about a pace from the outer edge thereof and warning 3 children about it and upon their failure to heed his warnings to step forward toward them when canopy

slid toward the side where plaintiff had been standing and
fell upon him, since he was attempting to rescue children who
were in a position of peril.

Appeal from Eaton; McDonald (Archie D.), J.
Submitted April 12, 1955. (Docket No. 58, Calendar
No. 46,257.) Decided June 6, 1955.

Case by Lester L. Parks against Fay A. Starks
and Eddy A. Goodrich, copartners doing business as
Starks & Goodrich, and Myron Grant for damages
resulting from injuries when portion of building,
previously struck by automobile, collapsed. Defend-
ants Starks and Goodrich effected settlement. Judg-
ment for plaintiff against defendant Grant. De-
fendant Grant appeals. Affirmed.

*Gregg, Glassen, Parr & Rhead* (*R. F. Rhead,*
of counsel), for plaintiff.

*Claude J. Marshall* and *Robert T. Arvidson,* for
defendant Grant.

DETHMERS, J. At about 11 p.m. defendant Grant
negligently drove his automobile against 1 of 2 pil-
lars supporting a canopy which extended back from
the pillars, over gasoline pumps, to the front of a
garage to which it was attached. The pillar was
knocked almost out from under the canopy. Plain-
tiff, a deputy sheriff, arrived at the scene and gave
defendant a ticket for reckless driving, whereupon
the latter went home. At about 1:30 a.m. plaintiff
informed 1 of the 2 owners of the garage, the other
defendants herein, that the premises were in an un-
safe condition and told him that barricades ought
to be erected. The next morning plaintiff was pres-
ent to complete his investigation. He found that
no barricades had been erected. He did not go

under the canopy because he considered it to be unsafe. While standing back about a pace from the outer edge of the canopy he noticed 3 children under it. He warned them to get out and when they failed to heed his warning he took a step forward, toward them, again warning them to get out. At that instant the canopy let loose from the garage, slid toward the side where plaintiff had been standing, collapsed, fell upon and severely injured him. For resultant damages plaintiff brought this suit against the 3 defendants, but before trial effected a settlement with the 2 garage owners. Grant, hereinafter called the defendant, appeals from judgment against him for $7,500.

Starting with the assumption that his negligence caused the collision with the pillar, defendant contends that that negligence was not a proximate, but only a remote, cause of plaintiff's injuries the following morning. This he predicates on the fact that a period of 9 hours elapsed between his said act of negligence and plaintiff's injuries and on the theory that an independent, subsequent act of negligence intervened as an efficient cause of the injuries, namely, negligence of the garage owners in failing to erect barricades around the dangerous premises to keep people out. In support he cites *Luck* v. *Gregory,* 257 Mich 562, and *Fuller* v. *Hessler,* 226 Mich 311. The cases are distinguishable from this in that the intervening causal factor there consisted of an overt act, not a failure to act as claimed here. Defendant urges, however, that even though the intervening negligence consists only of a failure of another to act to prevent injury to plaintiff, it must be held to render his own negligence a remote rather than a proximate cause and, in law, excused, under authority of *Schneider* v. *C. H. Little Co.,* 184 Mich 315, and *Fowles* v. *Briggs,* 116 Mich 425 (40 LRA 528, 72 Am St Rep 537). In *Schneider,* however,

this Court said, with respect to such claim (p. 324), "the cases . * *. *   do not go so far." This Court held, under the facts of that particular case, that the defendant was not excused by an intervening failure of another to act and, in speaking of the *Fowles Case* and others in which the intervening negligence of another was held to excuse the initial negligence of defendant and render it only a remote cause, went on to say (p 324):

"In all these cases, some one other than defendant had assumed a duty which, performed, would have averted the injury, or had done some act which, if properly done, would have averted it. Responsibility for proper conditions had been assumed."

The quoted language distinguishes the instant case, in which the garage owners had not assumed a duty which they failed to perform, nor had they undertaken to do some act and performed it improperly with consequent injury to plaintiff. As said in *Solomon* v. *Continental Baking Co.*, 172 Miss 388, 393 (160 So 732):

"Where an act of negligence is a substantial factor in bringing about an injury, it does not cease to be a legal and proximate cause thereof because of the intervention of a subsequent act of negligence of another which contributed to the injury, if the prior act of negligence is still operating, and the injury inflicted is not different in kind from that which would have resulted from the prior act. 2 Restatement, Torts, §§ 440–442, 447."

As for the lapse of 9 hours, no authorities are cited by defendant in which it is held that the mere lapse of time between defendant's negligence and plaintiff's resultant injuries will serve to transform that which otherwise would be a proximate cause into a remote cause excusing defendant from lia-

bility.   Appropriate to such situation is the following from 38 Am Jur, Negligence, § 55, p 703:

"The proximate cause of an injury is not necessarily the immediate cause; not necessarily the cause nearest in time, distance, or space.   Assuming that there is a direct, natural, and continuous sequence between an act and an injury,   *   *   *   the act can be accepted as the proximate cause of the injury without reference to its separation from the injury in point of time or distance."

Defendant also cites *Clumfoot* v. *St. Clair Tunnel Co.,* 221 Mich 113; and *Weissert* v. *City of Escanaba,* 298 Mich 443 (10 NCCA NS 393), for the proposition that a test of proximate cause is whether the injuries ought reasonably to have been foreseen or anticipated as a possible or likely result of defendant's negligence.   In *Clumfoot* this Court said (pp 116, 117):

"In order that the plaintiff may recover it must appear that his injury was the natural and probable consequence of a negligent act or omission of the defendant which under the circumstances an ordinarily prudent person ought reasonably to have foreseen or anticipated might possibly occur as a result of such act or omission.   *   *   *

"The test to be applied is, Was there a likelihood or reasonable probability of human contact with the wires by persons who had a right to be in a place from which such contact was possible?   If so, the danger should have been foreseen or anticipated by the defendant.   *   *   *   It is not necessary that the manner in which a person might suffer injury should be foreseen or anticipated in specific detail."

In the instant case the record fairly presented a question of fact as to whether the danger should have been foreseen or anticipated by defendant and whether plaintiff's injuries were the natural and probable consequence of defendant's negligence.

The trial court's finding in the affirmative was not against the clear preponderance of the evidence.

Was plaintiff guilty of contributory negligence as a matter of law? He knew of the dangerous condition of the canopy. There is no showing, however, that he knew, or in the exercise of due care should have known, that the canopy, in collapsing, would swing to one side, as it did, rather than fall straight down, and that he was, for that reason, in a position of peril when he stood a pace back from the outer edge of the canopy. The trial court held that he was not guilty of contributory negligence as a matter of fact in so standing. We do not consider that finding to be against the clear preponderance of the evidence; much less is there any basis in the record for holding that he was guilty of contributory negligence as a matter of law in standing in that position. Thereafter he took a step forward, as he warned the children, and came to a position where his head was about a foot from the outer edge of the canopy. The collapse immediately followed. While his action in so doing presented a question of fact as to contributory negligence, determined in his favor by the trial court, the proofs are not such as to warrant a holding that plaintiff's placing himself in a position still outside the outer rim of the canopy amounted to contributory negligence as a matter of law. In response, however, to defendant's insistence that coming so close to a position of known danger amounts to contributory negligence as a matter of law, plaintiff invokes the "rescuer" or "Good Samaritan" doctrine, quoting 38 Am Jur, Negligence, § 228, p 912:

"The rule is well settled that one who sees a person in imminent and serious peril caused by the negligence of another cannot be charged with contributory negligence, as a matter of law, in risking his own life or serious injury in attempting to effect a rescue,

provided the attempt is not recklessly or rashly made. In other words, in attempting to save the life of another, one is justified in exposing himself to danger in a manner that under other circumstances would deprive him of legal redress for injuries sustained."

In further support of that doctrine plaintiff cites *Wagner* v. *International R. Co.*, 232 NY 176 (133 NE 437, 19 ALR 1). The quoted language is applicable to plaintiff's situation when he sought to rescue the children from a position of peril. It follows that he could not be charged with contributory negligence as a matter of law in assuming a risk to himself in order to save the children. The judgment was not contrary to the clear preponderance of the evidence.

Affirmed, with costs to plaintiff.

Carr, C. J., and Butzel, Smith, Sharpe, Reid, and Kelly, JJ., concurred.

Boyles, J., did not sit.