BARNEBEE v. SPENCE BROTHERS.

1. APPEAL AND ERROR—JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.

The testimonial record is viewed in the light most favorable to the plaintiff on his appeal from order granting defendant's motion for a judgment notwithstanding the verdict.

2. NEGLIGENCE—QUESTION FOR COURT.

The question of negligence is one of law for the court where the facts are such that all reasonable men must draw the same conclusion from them.

3. SAME—UNSECURED EXTENSION LADDER—WINDS.

Whether or not general contractor was negligent in permitting a 32' extension ladder to remain upright and yet untied to scaffolding during day it was not being used and on which there were unusually gusty winds was properly left for consideration of jury.

4. SAME—PROXIMATE CAUSE—INTERVENING CAUSE—QUESTION FOR JURY.

Whether or not the action of fellow employees of subcontractor, by whom plaintiff was employed, in moving lower end of 32'

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error §§ 937, 953.
[2, 3] 38 Am Jur, Negligence § 344 et seq.
[4, 5] 38 Am Jur, Negligence §§ 351, 352.

extension ladder that was not secured at the top, a foot or more toward the structure against which it was leaning and some 5 feet west of its former position on the ground was an intervening cause which absolved defendant general contractor from liability for negligence in permitting it to remain in its position on an unusually gusty, windy day until it fell and injured plaintiff in midafternoon was a matter for jury's determination.

5. SAME—PROXIMATE CAUSE—QUESTION FOR JURY.

Proximate cause, including the operation of intervening forces, is ordinarily a question of fact for the jury, to be solved by the exercise of good common sense in the consideration of the evidence of each particular case.

Appeal from Genesee; McGregor (Louis D.), J. Submitted April 10, 1962. (Docket No. 52, Calendar No. 49,488.) Decided July 2, 1962.

Case by Gerald Barnebec against Spence Brothers, a Michigan corporation, for personal injuries sustained on construction job. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Reversed and remanded for entry of judgment on verdict.

*Herbert W. Devine* and *Philip Elliott*, for plaintiff.

*Ransom & Fazenbaker* (*Marvin W. Ransom* and *Robert B. Norgren*, of counsel), for defendant.

BLACK, J. This common-law negligence case was tried to court and jury in the Genesee circuit. Defendant moved in due time for a directed verdict in its favor. The motion was denied and reserved and the case was given to the jury. The jury returned a verdict for plaintiff and assessed damages in the sum of $39,000.* On motion the trial judge set the verdict

---

* The amount of the verdict includes some $2,300 of medical and hospital bills; also the amount of compensation paid plaintiff, to the time of trial, by his employer's insurer. See section 15 of part 3 of the workmen's compensation law (CLS 1956, § 413.15 [Stat Ann 1960 Rev § 17.189]).

aside and entered judgment for defendant. Plaintiff appeals.

We examine the case, of course, upon view of the testimonial record in that light which is most favorable to the plaintiff. Defendant, by its presently tested motion for judgment notwithstanding the jury's verdict, has for the purposes of such motion stipulated all that the plaintiff may rightfully claim from the adduced proof. *Detroit & Milwaukee R. Co.* v. *Van Steinburg,* 17 Mich 99, 118.

September 25, 1959, defendant as general contractor was engaged in construction of a new osteopathic hospital in Flint. Defendant's employees as well as the employees of several subcontractors were working, more or less in relative proximity, upon various phases of such construction. Plaintiff was working as an employee of one of the subcontractors, called "Reinforced Steel" in the record. Utilizing for the purpose a crane with extended boom, Reinforced Steel was lifting slabs of specially finished heavy siding from the ground to elevated positions for attachment to the buildings then being erected. Plaintiff, assisting the crane operator, was working on and about a low concrete platform when defendant's 32-foot extension ladder fell upon him. The position of the ladder, prior to its fall, and plaintiff's relevant claim of actionable negligence, will now appear.

By the helpful coincidence of "progress photography" a photo of the construction job and of the portentous scene of plaintiff's injury was taken during the morning, but a few hours prior to the time of such injury. The photographer was facing east toward the portrayed and partially constructed brick chimney, the steel scaffolding surrounding the chimney, and the defendant's said ladder leaning against the topmost part of such scaffolding. The photograph, exhibit 4, appears in the margin.

Exhibit 4.

As already indicated, the ladder belonged to defendant and was used by it on the job. There was testimony from which the jury legitimately may have inferred that defendant should have secured the ladder, by tying the top to the scaffolding, before leaving it in the pictured position;* that there was no necessity for leaving the ladder in such position —secured or unsecured—during the day of plaintiff's injury since defendant's bricklayers, for whose use it was provided, were not due to work on the chimney during such day; that defendant knew there was an unusually gusty wind throughout the work day prior to such injury; that it, in the meantime, made no effort to secure the ladder or remove it; that defendant's superintendent discovered, between 12 and 1 o'clock on such day and approximately 2 hours before plaintiff was hurt, that the ladder had been moved to some extent (variantly estimated by several witnesses) from its pictured position to "more perpendicular than it had been," and also a few feet farther east; that the foreman did not at that time check the ladder to see if it had been tied to the scaffolding or otherwise secured and, in general, that defendant owed a duty in such circumstances to protect persons rightfully in the vicinity from the possibility or probability that the ladder might topple over or be blown over upon 1 or more of them.

The question of intervening cause aside for the moment, there can be no question as to plaintiff's right to have the jury decide the question of defendant's liability. The subject has been so thoroughly covered in recent decisions as to eliminate need for citation and discussion beyond reaffirmation of our test; that it is only where the facts are such that *all* reasonable men must draw the same conclusion from

---

* The ladder was in the pictured position when defendant's superintendent came on the job at 7:30 o'clock in the morning.

them that the question of negligence is ever considered as one of law for the court. The phrase is taken from *Grand Trunk R. Co.* v. *Ives,* 144 US 408, 417 (12 S Ct 679, 36 L ed 485), citing our *Van Steinburg Case, supra,* and from the Michigan authorities gathered in *Kaminski* v. *Grand Trunk W. R. Co.,* 347 Mich 417, and *Normand* v. *Thomas Theatre Corporation,* 349 Mich 50. Indeed, this plaintiff's adduced evidence of causal negligence is stronger than that which was made to appear in the strikingly similar cases of *Haxer* v. *Griessel,* 162 Mich 310, and *Bacon* v. *Candler,* 181 Mich 372, in each of which the question of negligence, as charged against the respective defendants, was held proper for jury determination.

The real question for review is whether the disclosed act of 2 employees of Reinforced Steel, in moving the lower end of the unsecured ladder from its pictured position a foot or more in toward the scaffolding, and the entire ladder some 5 feet laterally toward the pictured 1-story building, and then leaving the ladder otherwise in its pictured and unsecured position,* constituted a superseding cause which insulated defendant from liability to plaintiff as a matter of law. With respect to such question defendant definitely errs, much as did the similarly charged defendants in *Parks* v. *Starks,* 342 Mich 443; *Berry* v. *Visser,* 354 Mich 38; and *Comstock* v. *General Motors Corporation,* 358 Mich 163 (78 ALR2d 449). Testing the foregoing facts and inferences by rules adopted in *Parks, Berry,* and *Comstock,* we can only say that the issue of causal connection, between the acts and omissions of defendant and plaintiff's sustained injuries, was "for the jury upon all the facts" (quotation from Cooley on Torts [2d ed], p 81).

---

* This was done by the 2 employees about 11 o'clock in the forenoon, after the picture was taken and before plaintiff was injured, to facilitate work on the platforms in the vicinity of the ladder.

On required favorable view it may be inferred that defendant should have foreseen what could or might happen to the unsecured ladder that windy day, even though it be left untouched by anyone. This Court, unlike the jury, accordingly has no right to find or affirm that what was done by the mentioned act of the 2 employees constituted an intervening cause. The superintendent's timely discovery of such act, and his own failure to act with respect to such discovery, forecloses all such thought and simply cements our conclusion that the rules adopted in the quoted cases do apply to this falling ladder case.

Prosser concludes his chapter on proximate cause this way (Prosser on Torts [2d ed], § 50 "Functions of Court and Jury", p 282):

"In any case where there might be reasonable difference of opinion as to the foreseeability of a particular risk, the reasonableness of the defendant's conduct with respect to it, or the normal character of an intervening cause, the question is for the jury, subject of course to suitable instructions from the court as to the legal conclusion to be drawn as the issue is determined either way. By far the greater number of the cases which have arisen have been of this description; and to this extent it may properly be said that 'proximate cause is ordinarily a question of fact for the jury, to be solved by the exercise of good common sense in the consideration of the evidence of each particular case.' "

We adopt such conclusion as consistent in every respect with our own cases and accordingly direct that the judgment of the circuit court be reversed and that the cause be remanded to that court for entry of judgment upon the jury's verdict. Costs to plaintiff.

CARR, C. J., and DETHMERS, KELLY, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.