WARREN v MICHIGAN GAS UTILITIES COMPANY

Docket No. 78-1675. Submitted June 6, 1979, at Grand Rapids.—
Decided July 10, 1979. Leave to appeal denied, 407 Mich 899.

J. B. Warren was injured in a gas explosion while working in a
sewer. He was at the time employed by Woodruff & Sons, a
contractor on the sewer construction project. Michigan Gas
Utilities Company had employees on the construction site to
assist in locating gas lines and to supervise construction around
the gas lines. The causes of the explosion were disputed. J. B.
Warren and Elvie R. Warren brought an action for damages
against Michigan Gas Utilities Company. The Berrien Circuit
Court, Zoe S. Burkholz, J., following a jury verdict, entered
judgment of no cause of action in favor of the defendant.
Plaintiffs appeal. *Held:*

1. The trial court properly admitted evidence of Woodruff &
Sons' negligent failure to test for gas and held that such
evidence would create a fact issue for the jury on superseding
intervening cause.

2. The evidence of Woodruff & Sons' negligence was also
relevant when admitted for the purpose advanced by the defen-
dant: to show that the negligence of Woodruff & Sons and of
J. B. Warren was the sole proximate cause of the explosion.

3. The standard jury instructions given adequately set forth
the law applicable to the factual issues actually raised by the
parties.

4. The trial court properly instructed the jury on two con-
struction industry safety rules requiring gas detectors and tests
in tunnels.

5. The trial court properly allowed the defendant to amend
its answer at the conclusion of proofs to allege contributory
wilful and wanton misconduct by J. B. Warren. In addition,
sufficient evidence of such conduct was presented to raise a jury
question on this issue.

6. An exhibit was properly admitted into evidence where the

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Negligence §§ 198, 205.
[2] 57 Am Jur 2d, Negligence § 141.
[3] 57 Am Jur 2d, Negligence § 8.

plaintiffs failed to object to the exhibit on the basis of a lack of foundation prior to trial, as required by a pretrial order.

Affirmed.

1. NEGLIGENCE — THIRD PARTIES — SUPERSEDING CAUSE.

The mere fact that evidence of a third party's passive negligence does not establish a superseding cause as a matter of law does not mean that such evidence cannot establish a superseding cause as a matter of fact; where reasonable men could disagree as to foreseeability of the intervening negligence the issue is one for the jury.

2. NEGLIGENCE — EVIDENCE — THIRD PARTIES — PROXIMATE CAUSE.

Evidence of the negligence of a third party was relevant and properly admitted where it was offered by the defendant for the purpose of showing that the third party's negligence was the sole proximate cause of an accident.

3. NEGLIGENCE — INSTRUCTIONS TO JURY — TUNNELS — SEWERS — RULES.

A trial court properly instructed a jury regarding construction industry safety rules requiring gas detectors and inspections in tunnels in a case involving a gas explosion in a sewer; a "tunnel" would encompass a sewer, and the construction industry safety code contains no restrictive definition of a tunnel while the code does contain several rules which deal specifically with sewers (1964-1965 AACS R 408.1201 *et seq.*).

*Sloan, Zarbock, Risdon, Benefiel & Farmer,* for plaintiffs.

*Rhoades, McKee & Boer* (by *Michael J. Roberts* and *Ben T. Liu),* for defendant.

Before: R. B. BURNS, P.J., and D. E. HOLBROOK, JR. and B. D. BURDICK,* JJ.

R. B. BURNS, P.J. In this action plaintiffs J. B. Warren and Elvie R. Warren alleged defendant Michigan Gas Utilities Company caused them injury through negligent or wilful and wanton mis-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

conduct. A jury returned a verdict of no cause of action in favor of defendant. Plaintiffs appeal, and we affirm.

Plaintiff J. B. Warren was an employee of Woodruff & Sons Construction Company. In 1973, Woodruff & Sons was a contractor on a sewer construction project in the City of Benton Harbor. Defendant had employees on the construction site to assist Woodruff & Sons in locating its gas lines and to supervise construction around the gas lines. On December 14, 1973, Woodruff & Sons unearthed leaking gas pipes. Defendant's employees made some repairs, and Woodruff & Sons backfilled the area. On December 18, 1973, J. B. Warren and a co-worker, Ollie Venters, entered a manhole to do work in the sewer. After three minutes Venters yelled "I smell gas", and an explosion occurred a moment later.

The causes of the explosion were disputed. One of the unearthed pipes was subsequently found to be cracked. Plaintiffs argued that the leaks had been inadequately repaired, and that defendant's employees did not adequately supervise Woodruff & Sons' backfilling around the pipes. Defendant responded that the pipes were adequately repaired, and that Woodruff & Sons improperly backfilled, cracking the pipe, after defendant's employees had left the area. Defendant also asserted that Woodruff & Sons should have tested for gas before sending J. B. Warren into the manhole, and that J. B. Warren triggered the explosion by attempting to light a cigarette.

Plaintiffs made a motion *in limine* to exclude proof of Woodruff & Sons' negligent failure to test for gas, arguing on the authority of *Parks v Starks,* 342 Mich 443; 70 NW2d 805 (1955), that such evidence would not, as a matter of law,

establish superseding intervening negligence. Defendant responded that such evidence was admissible to prove that the sole proximate cause of the explosion was Woodruff & Sons' negligence, irrespective of any probative value the evidence might have as an intervening cause. The trial court initially granted plaintiffs' motion, but subsequently reversed itself, holding that Woodruff & Sons' negligent failure to test for gas would create a fact issue for the jury on superseding intervening cause.

Relying again upon *Parks,* plaintiffs argue on appeal that the trial court erred by admitting evidence of Woodruff & Sons' passive negligence, for such passive negligence, they allege, cannot, as a matter of law, be a superseding intervening cause. *Parks,* however, not only does not support plaintiffs' argument, but suggests a conclusion that the evidence raised a fact issue on superseding cause, and therefore was relevant.

In *Parks,* a defendant Grant argued that the negligent failure of other defendants to erect barriers around a hazard negligently created by Grant amounted to superseding intervening cause as a matter of law. Grant had run his automobile into the pillar of a service station canopy, which later collapsed on the plaintiff. The Court held that such intervening passive negligence was not a superseding cause as a matter of law where the other defendants had not assumed a duty which they failed to perform, or had not undertaken to do some act and performed it improperly. The Court also held that the record presented a fact question as to whether the danger was foreseeable and whether plaintiff's injuries were the natural and probable consequences of Grant's negligence.

Assuming that the evidence of intervening pas-

sive negligence in the instant case did not, under *Parks,* establish superseding cause as a matter of law,[1] it does not follow, as plaintiffs suggest, that such evidence did not, therefore, raise a fact issue concerning superseding cause. On the contrary, the Court in *Parks* concluded that there was a fact issue on proximate causation in that case. The mere fact that evidence of intervening passive negligence does not establish superseding cause as a matter of law does not mean that such evidence cannot establish superseding cause as a matter of fact. Where reasonable men could disagree as to foreseeability of the intervening negligence the issue is one for the jury. *Moning v Alfono,* 400 Mich 425, 458; 254 NW2d 759, 774 (1977), *Davis v Thornton,* 384 Mich 138; 180 NW2d 11 (1970). In the instant case, as in *Parks,* the evidence created a fact issue for the jury, and was, therefore, admissible under the rationale advanced by the trial court.

The issue was and is, however, a red herring. Defendant has never argued that Woodruff & Sons' negligent failure to test for gas was a superseding intervening cause. Rather, defendant denied that it was negligent, and sought to establish that the sole proximate causes of the explosion were the negligence of J. B. Warren and Woodruff & Sons. The evidence was relevant when admitted for the purpose advanced by defendant.

For the same reason, plaintiffs' argument that the jury instructions on superseding intervening cause were not sufficiently explicit to prevent jury speculation, see *McKine v Sydor,* 387 Mich 82, 89; 194 NW2d 841, 845 (1972), are without merit. The standard jury instructions given by the trial court

---

[1] An issue never raised by defendant, and the resolution of which is unnecessary in this appeal.

adequately set forth the law applicable to the factual issues actually raised by the parties. SJI 15.01, 15.02, 15.03, 15.05. Superseding intervening cause was not an issue. Plaintiffs' explicit instruction on superseding negligence would only have drawn the jury's attention to another route of reasoning by which it might find defendant not liable, to plaintiffs' detriment. There was no error.

Plaintiffs also objected to the trial court's instructions on two construction industry safety rules requiring gas detectors and tests in tunnels. MCL 408.717; MSA 17.469(7), *repealed,* 1974 PA 154, 1964-1965 AACS R 408.2402, R 408.2410. It is plaintiffs' theory that the rules are inapplicable to the determination of Woodruff & Sons' negligence because a sewer is not a tunnel. However, tunnel, in everyday parlance, would encompass the sewer, and the construction industry safety code contains no restrictive definition of tunnel. 1964-1965 AACS R 408.1201, *et seq.* The rules upon which the trial court instructed are contained in part 14 of the code, entitled "Tunnels". Several rules under part 14 deal specifically with sewers. 1964-1965 AACS R 408.2407, R 408.2408. It thus appears that sewers are types of tunnels, and the trial court properly instructed the jury.

At the conclusion of proofs the trial court granted defendant's motion to amend its answer to allege contributory wilful and wanton misconduct on the part of plaintiff J. B. Warren. GCR 1963, 118.3. Plaintiffs argue in a conclusory manner that the late amendment prejudiced them because they were unable to address the issue through trial preparation, strategy and evidentiary content. However, it appears that the same evidence relied upon by both parties regarding the presence or absence of contributory negligence by J. B. Warren

was the evidence relied upon by the parties regarding wilful and wanton misconduct. Aside from conclusory allegations of prejudice, plaintiffs have demonstrated no actual way in which trial preparation, strategy, and presentation of evidence was affected. There was no error.

Plaintiffs also argue that there was not sufficient evidence to raise a jury issue on contributory wilful and wanton misconduct. We disagree. A jury could infer from the evidence presented that plaintiff was aware of the danger of smoking where gas is present, knew gas might be present, but recklessly attempted to light a cigarette anyway. See, *e.g., Gibbard v Cursan,* 225 Mich 311, 318-324; 196 NW 398, 400-402 (1923), *Thone v Nicholson,* 84 Mich App 538; 269 NW2d 665 (1978).

Plaintiffs argue that an exhibit offered by defendant consisting of 11 pages of specifications on excavating and backfilling contained in a contract between the City of Benton Harbor and Woodruff & Sons should not have been admitted because it violated the spirit of a pretrial order to exchange exhibits where defendant provided plaintiffs with the specifications, but not the rest of the contract. Plaintiffs' argument in essence is that no foundation for admission of the exhibit as having been a part of the contract was established. However, plaintiffs failed to object to the exhibit on the basis of lack of foundation prior to trial as required by the pretrial order. The exhibit was admissible.

Affirmed. Costs to defendant.