DAVIS *v.* THORNTON

OPINION OF THE COURT

1. AUTOMOBILES—NEGLIGENCE—KEYS LEFT IN IGNITION—JUDGMENT —SUMMARY JUDGMENT.

Summary judgment for a defendant, in an action for negligently leaving keys in the ignition or neglecting to shut off the motor of a vehicle and lock and secure the vehicle, can properly be made only upon a determination that all reasonable men would agree: (1) that the defendant did act as a reasonably prudent man would have acted under the same or similar circumstances, or (2) that the plaintiff suffered no injury, or (3) that the defendant's negligence did not cause the plaintiff's injury, or (4) that the injury caused plaintiff was too insignificantly connected to or too remotely effected by the defendant's negligence.

2. AUTOMOBILES—NEGLIGENCE—KEYS LEFT IN IGNITION—DUTY.

A conclusion that a defendant owed a plaintiff no duty could properly be made only by a jury in an action for negligently leaving keys in the ignition or neglecting to shut off the motor of a vehicle and lock and secure the vehicle.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–10] 7 Am Jur 2d, Automobiles and Highway Traffic § 234 *et seq.*
. 8 Am Jur 2d, Automobiles and Highway Traffic § 833.

3. NEGLIGENCE—STANDARD OF CONDUCT—REASONABLE MEN—JURY QUESTION.

> The law of negligence is that an actor is held to the standard of a reasonable man and the determination of the facts upon which the judgment of reasonableness is based is for a jury, for negligence is a ruling of law implicitly made by the finder of fact.

4. AUTOMOBILES—NEGLIGENCE—VIOLATION OF ORDINANCE—EVIDENCE.

> Violation of a city ordinance, prohibiting leaving a noncommercial motor vehicle unattended at a curb or other place to which the public has access unless the operator shall first shut off the motor and lock the vehicle so as to prevent the starting and operation thereof is itself evidence of negligence (City of Detroit Code § 38-8-5).

5. NEGLIGENCE—CAUSATION—SUMMARY JUDGMENT—JURY QUESTION.

> The determination of causation is the most susceptible to summary determination in a tort action; however, any doubts about the connections between causes and effects should be resolved by a jury.

6. AUTOMOBILES—NEGLIGENCE—KEYS LEFT IN IGNITION—REASONABLE MEN—REMOTE EFFECT.

> Reasonable men could differ as to whether leaving the keys in the ignition of an automobile caused an accident and whether the accident was too remote an effect of such act.

7. NEGLIGENCE—FORESEEABILITY—REMOTE EFFECT—SUMMARY JUDGMENT—JURY QUESTION.

> Foreseeability of any harm is one of the factors a jury may consider in determining if a defendant acted reasonably under all the circumstances and determination of remoteness of the effect should seldom, if ever, be summarily determined as both the determination of remoteness and of negligence should almost always be left to the jury.

8. NEGLIGENCE—FORESEEABILITY—INTERVENING CAUSE.

> The general rule that an intervening, independent and efficient cause severs whatever connection there may be between the plaintiff's injuries and a defendant's negligence is not controlling if the intervening act was reasonably foreseeable.

9. Automobiles—Negligence—Reasonable Men—Keys Left in Ignition—Remote Cause—Intervening Cause—Causal Connection—Summary Judgment.

> Reasonable men might have concluded that leaving the keys in the ignition of an automobile parked near the intersection of Miami and Beatrice Streets on Detroit's lower southwest side was not too remote a cause of plaintiff's injuries and that a joyrider's intervention did not sever that causal connection; therefore, it was improper for the trial judge to grant summary judgment for defendant, in an action for negligently leaving keys in the ignition or neglecting to shut off the motor of the vehicle and lock and secure the vehicle.

Dissenting Opinion
Dethmers and Kelly, JJ.

10. Appeal and Error — Grant of Appeal — Dismissal — Court Rules.

> *Appeal to the Supreme Court should be dismissed as improvidently granted as the Court of Appeals did not err in denying plaintiffs' application for delayed appeal for failure to meet the requirements of court rules (GCR 1963, 806.4[2], 803.3).*

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and J. H. Gillis, and Levin, JJ., denying application for delayed appeal from Wayne, Nathan J. Kaufman, J. Submitted December 2, 1969. (Calendar No. 23, Docket No. 51,908.) Decided October 8, 1970.

Complaint by James Davis, Jr., for himself and as next friend of Reginald Davis, Anthony Davis and Levoria Davis, his minor children, and as administrator of the estate of Jimmie Davis, deceased, and Eva Davis against J. A. Thornton, and Mr. Williams, whose first name is not known, for damages resulting from an automobile collision. Defendants' motion to dismiss granted. Plaintiffs' application for delayed appeal to the Court of Appeals denied. Plaintiffs' petition for rehearing to Court of Appeals

denied. Plaintiffs appeal. Reversed and remanded for trial.

*Levine & Benjamin* (by *Allan H. Tushman*), for plaintiffs.

*Rouse, Selby, Webber, Dickenson & Shaw,* for defendant.

T. G. KAVANAGH, J. Viewed most favorably to the plaintiffs, the facts are as follows: On the evening of April 4, 1965 defendant Williams was driving the car of his employer, defendant Thornton, while on his employer's business. He parked the car near the intersection of Miami and Beatrice Streets on Detroit's lower southwest side, left the keys in the ignition, failed to lock the doors and may have left the motor running. While so left a group of minors took the car for a "joyride", and, while joyriding, they crossed the centerline of a highway and collided with plaintiff's car, killing one and severely injuring five of the other occupants of plaintiff's car.

The plaintiffs then sued the defendants. They claimed that the defendant's negligence ("leaving of the keys in the ignition and/or neglecting to shut off the motor of the vehicle and lock and secure the vehicle * * * ") was the proximate cause of their various injuries. On August 3, 1966 defendant moved to dismiss the plaintiffs' suit on two grounds: first, that the matter was settled in an action brought by plaintiffs under the uninsured motorist provision of their own insurance policy; and second, that the pleading failed to state a cause of action upon which relief could be granted. The court withheld ruling on the first ground and granted summary judgment on the second. Application for delayed appeal was

denied by the Court of Appeals but granted by this Court.

In granting summary judgment the trial judge relied on *Corinti* v. *Wittkopp* (1959), 355 Mich 170. We there held that violation of an ordinance prohibiting leaving keys in an unattended car parked on a public street or alley was not negligence *per se* and such ordinance violation could not, *as a matter of law,* be the proximate cause of an accident when that car is stolen and "hours, days or weeks after the theft" is involved in such accident.

The trial judge felt constrained by that decision to grant the defendants' motion for summary judgment. Quoting from *Corinti,* he reluctantly held that " 'A motor vehicle driver has no duty to protect others from the actions of thieves who steal his car with the use of the driver's own keys  *  *  *  ' ".

We hold that such constraint is not warranted.

A judgment for the defendant, in an action such as this, can properly be made only upon a determination a) that the defendant did act as a reasonably prudent man would have acted under the same or similar circumstances or b) that the plaintiff suffered no injury, or c) the defendant's negligence did not cause the plaintiff's injury, or d) that the injury caused plaintiff was too insignificantly connected to or too remotely effected by the defendant's negligence.

For a proper grant of summary judgment for the defendant, a trial judge must rule that *all* reasonable men would agree on the conclusion of a), b), c), or d) above.

The trial judge in this case determined the defendant owed the plaintiff no duty. We believe this conclusion could properly be made only by a jury.

The *law* of negligence is that an actor is held to the standard of a reasonable man. The determina-

tion of the facts upon which the judgment of reason-
ableness is based is admittedly for the jury.[1] The
confusion springs only the labelling—for negligence
is a ruling of *law* implicitly made by the finder of
fact.

This ruling may not be prescinded from the fact
finder except on a determination that all reasonable
men would agree. (*Normand* v. *Thomas Theatre
Corporation* [1957], 349 Mich 50, p 54 *et seq.*)

The ultimate determination of reasonableness is
a determination of law—the law of the case.

Injuries are not the issue here, and properly
speaking, neither should the question of defendant's
negligence be regarded as the issue here.

The City of Detroit has adopted the following or-
dinance:

"No operator, except those of commercial vehicles,
shall leave a motor vehicle unattended at the curb
or other place to which the public has access unless
the operator shall first shut off the motor and lock
the motor vehicle or some part thereof as to pre-
vent the starting and operation of the motor vehicle."
(City of Detroit Code § 38-8-5.)

and violation of it is itself *evidence* of negligence.[2]
Reason and the common law support this position.

Such an ordinance exists by virtue of the police
power of the city government to promote the health,
safety, and welfare of its citizens.   The ordinance
contemplates that a key left in the ignition is dan-
gerous, not because it is then harmful, but because
it creates a condition likely to cause harm.   The

---

[1] For a reaffirmance of this Court's attitude toward summary deter-
mination of negligence see *Kevreson* v. *Michigan Consolidated Gas
Company* (1965), 374 Mich 465, especially the footnote on p 475.

[2] See *Khoyan* v. *Turner* (1969), 255 Md 144 (257 A2d 219) where
it was held that violation of ordinance and statute prohibiting leaving
keys in the ignition was evidence of negligence as to the resulting
accident and should go to the jury.

instrument or actuating cause of the harm would necessarily be a person who would start the engine.[3] Such a person could be an inexperienced child, a joyriding youth or a thief. The harm that could be caused presupposes a meddler who will necessarily harm the owner of the vehicle but far more importantly, the theft threatens society.[4]

"On March 1, 1968, the Attorney General of the United States and nineteen responsible organizations, including national associations of mayors, police chiefs, district attorneys, municipal law officers, launched the National Auto Theft Prevention Campaign in a nation-wide effort to reduce automobile theft. * * * The data distributed by the Campaign included the estimates that in 1966 more than a million cars were stolen nationally and that about 24% of the stolen vehicles were involved in accidents. * * * The accident rate for stolen cars is estimated to be approximately 200 times the normal accident rate. * * * A study has disclosed that of the total cars stolen, the key had been left in either the ignition or in the car in 42.3% of the cases. In an additional 16.7% of the cases the motorist invited theft by leaving the ignition unlocked. * * * Moreover, the authorities point out that auto theft is to a large extent a crime of opportunity, unusually inviting to young people, and is often the first major episode in a criminal career [U.S. Dept. of Justice, Criminal Division, Survey 7, p 8]." Cited in *Gaither* v. *Myers* (1968), 131 App DC 216, 222, 223 (404 F2d 216, 222, 223).

The circumstances reflected in such statistics (entirely apart from any ordinance) make it obvious that a jury might conclude that a reasonable man

---

3 *Ney* v. *Yellow Cab Company* (1954), 2 Ill 2d 74 (117 NE2d 74, 51 ALR2d 624) where it was said that the statute contemplates a foreseen meddler.

4 See *Justus* v. *Wood* (1961), 209 Tenn 55 (348 SW2d 332, 349 SW2d 793) and *Ney* v. *Yellow Cab Co., supra,* at 79.

would not have left his key in the ignition of his car under the circumstances confronted by defendant Williams.

In *Detroit & M. R. Co.* v. *Van Steinberg* (1868), 17 Mich 99, 120, Justice COOLEY best expressed this Court's attitude towards summary determination of negligence:

"The case, however, must be a very clear one which would justify the court in taking upon itself this responsibility. For, when the judge decides that a want of due care is not shown, he necessarily fixes in his own mind the standard of ordinary prudence, and, measuring the plaintiff's conduct by that, turns him out of court upon his opinion of what a reasonably prudent man ought to have done under the circumstances. He thus makes his own opinion of what would be generally regarded as prudence a definite rule of law. It is quite possible that, if the same question of prudence were submitted to a jury collected from the different occupations of society, and perhaps better competent to judge of the common opinion, he might find them differing with him as to the ordinary standard of proper care."

But determination of negligence alone does not end the inquiry. Once a jury or judge has found that the defendant was negligent and that the plaintiff suffered injuries, it must be determined, whether the plaintiff's injuries were *caused* by the defendant's wrongful conduct and, then, if the defendant did *cause* the injuries, judge whether the plaintiff's injuries were too insignificantly related to or too remotely effected by the defendant's negligence.

Of all the elements necessary to support recovery in a tort action, causation is the most susceptible to summary determination for it usually amounts to a logical connection of cause to effect. However, any doubts about the connections between the causes and the effects, should be resolved by the jury.

But in question here is first, whether leaving the keys in the ignition was too remote a cause of the resulting collision, and second, if leaving the keys in the ignition was *not* too remote a cause of the collision, whether the theft was an independent cause which severed the causal relationship.

It must be kept in mind, however to be decided by *us* is not whether leaving the keys in the ignition caused the accident—nor whether the accident was too remote an effect of such act. Rather it must be decided if reasonable men could differ on this point. We hold they could.

To establish proper perspective it is helpful to recall the proper role of foreseeability. It has a bearing on the question of negligence and it also has a bearing on the question of the independence of intervening causes.

## I. FORESEEABILITY AND NEGLIGENCE

Foreseeability of any harm is one of the factors a jury may consider in determining if the defendant acted reasonably under all the circumstances. Such determination can best be made by considering only those facts existing up to the time of the injury— should the defendant have reasonably foreseen that what he was doing or had done up to then might cause harm—if so, he was negligent. The jury must then bridge the gap between the plaintiff's injuries and the defendant's negligence. This is the determination of cause and the remoteness of the effect. Once negligence is determined, foreseeability of harm should no longer be considered.

Causation is a process of logical determination, while the significance of the connections—remoteness—is a policy determination.

"It appears that the modern trend of judicial opinion is in favor of eliminating foreseeable consequences as a test of proximate cause, except where an independent, responsible, intervening cause is involved. The view is that once it is determined that a defendant was negligent, he is to be held responsible for injurious consequences of his negligent act or omission which occur naturally and directly, without reference to whether he anticipated, or reasonably might have foreseen such consequences. Apparent inconsistencies between this view and the language of former decisions has been explained on the ground that while in many instances the decisions have spoken of foreseen or foreseeable consequences as a test of proximate cause, what the court really had in mind *was liability for negligence* without differentiating between the original question of whether there was a breach of duty to use due care and the question of proximate cause. Logically, the question of liability is always anterior to the question of the measure of the consequences that go with liability, and where there is no tort there is no question of remote or proximate cause. On the question of what is negligence, it is material to consider the consequences that a prudent man might reasonably have anticipated; but when negligence is once established, that consideration is wholly immaterial on the question of how far it imposes liability. There is no need for discussing proximate cause in a case where the negligence of the defendant is not established, but when his negligence has been established, the proximate result and amount of recovery depend upon the evidence of direct sequences, and not upon defendant's foresight." 38 Am Jur, Negligence, §§ 58, 709, 710. (Emphasis added.)

The determination of remoteness, however, should seldom, if ever, be summarily determined. *Selleck* v. *Lake Shore & M. S. R. Co.* (1892), 93 Mich 375; *Harding* v. *Blankenship* (1936), 274 Mich 118; *Com-*

*stock* v. *General Motors Corporation* (1959), 358
Mich 163.

Both the determination of remoteness and of negligence should almost always be left to the jury.

" 'As to both, they present, from their very nature,
a question, not of law, but of fact, depending on the
peculiar circumstances of each case, which circumstances are only evidential of the principal fact—
that of negligence or its effects—and are to be compared and weighed by the jury, the tribunal whose
province it is to find facts, not by any artificial rules,
but by the ordinary principles of reasoning; and
such principal fact must be found by them, before
the court can take cognizance of it, and pronounce
upon its legal effect.' " *Detroit & M. R. Co.* v. *Van
Steinberg, supra,* at 122.

In analyzing the causation issue in this case we
have to consider the problem of the intervening joyriders and the remoteness of the injuries from the
keys left in the car.

## II. FORESEEABILITY AND INTERVENING CAUSES

The general rule—that an intervening, independent and efficient cause severs whatever connection
there may be between the plaintiff's injuries and the
defendant's negligence (*Fowles* v. *Briggs* [1898],
116 Mich 425; 38 Am Jur, Negligence, § 68, p 724
*et seq.*)—is not controlling if the intervening act
was reasonably foreseeable.[5]    38 Am Jur, Negligence, § 70, p 726 *et seq., Skinn* v. *Reutter* (1903),
135 Mich 57 and also *Comstock* v. *General Motors
Corporation* (1959), 358 Mich 163 where we quoted
with approval 2 Restatement Torts, § 447, p 1196:

---

[5] See *Berry* v. *Visser* (1958), 354 Mich 38, p 45 *et seq.* and also
*Barnebee* v. *Spence Brothers* (1962), 367 Mich 46, p 52.

"The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if

(a) the actor at the time of his negligent conduct should have realized that a third person might so act, or

(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted."

We have already discussed, above, the conditions prompting the passage of the city ordinance,—it was intended to prevent, first, the meddlers and, second, the consequences of their meddling[6]—one of which consequences is the threat to life and property posed by a fleeing thief or joyriding youth.[7] We therefore hold that reasonable men might have concluded that leaving the keys in the ignition under these circumstances was not too remote a cause of the plaintiff's injuries and that the joyrider's intervention did not sever that causal connection.

---

[6] See our comments in the case of *Hawkins* v. *Ermatinger* (1920), 211 Mich 578, 584: "An automobile is not dangerous in the same sense as a ferocious beast loose on the streets. Until human agency intervenes, it is usually harmless. The hazard results from the conduct of the driver rather than the nature of the vehicle. It possesses, however, when recklessly driven, such power to do injury as to justify stringent regulations, not only of the vehicle itself but of the operator, for the safety of persons and property on the public ways." See also *Colborne* v. *Detroit United R. Co.* (1913), 177 Mich 139, 149, 150: "In the light of common knowledge courts can well take judicial notice of the automobile, not only as a most useful and pleasing means of swiftly transporting persons and property for pleasure or business, when properly controlled and cautiously driven, but as a vehicle in its possibilities so destructive when in the hands of careless and reckless drivers as to spread over the land the maimed and dead until it has belittled the cruelties of the car of Juggernaut."

[7] See the leading case on keys in the ignition and foreseeability in *Ross* v. *Hartman* (1943), 78 App DC 217 (139 F2d 14) and footnote 2 above.

Under the totality of these circumstances[8] we hold it was improper for the trial judge to have granted summary judgment.

Reversed and remanded for trial.

T. E. Brennan, C. J., and Black, T. M. Kavanagh, and Adams, JJ., concurred with T. G. Kavanagh, J.

Kelly, J. (*dissenting*). The Court of Appeals did not err when it denied plaintiffs' application for delayed appeal on the ground that their application failed to meet the requirements of GCR 1963, 806.4 (2) and 803.3.

The appeal to this Court is dismissed as having been improvidently granted. Costs to defendants.

Dethmers, J., concurred with Kelly, J.

---

[8] See *Hergenrether* v. *East* (1964), 61 Cal 2d 440 (393 P2d 164, 39 Cal Rptr 4) where the totality of the circumstances test was employed in a "key in the ignition" case and where there was not a prohibiting ordinance in effect. In our view, the ordinance in this case is an affirmation of the common law.