MARTIN *v.* FOWLER

1. LANDLORD AND TENANT—LIABILITY OF LESSOR FOR LESSEE'S TORTS
—NEGLIGENCE.

   The condition of being a lessor does not impose liability for
   torts of the lessee without negligent acts or failures to act
   by the lessor.

2. NEGLIGENCE—SUMMARY JUDGMENT—BAILEE SERVICE STATION—
FORESEEABILITY OF THEFT AND INJURY.

   Summary judgment for failure to state a claim upon which re-
   lief can be granted should not have been granted to defendant
   owners of an automobile service station in an action in neg-
   ligence by plaintiffs who were injured in a collision with an
   automobile which had been stolen from defendants' station
   where it had been left for repairs where the plaintiffs alleged
   in their complaint that the thief had taken the car keys from
   a board which was located where anyone inside the station
   would have easy access to it, that the automobile was parked
   in a place easily accessible to a thief, and that the defendants'
   suspicion should have been aroused by the thief's unusual ap-
   pearance and activity in that he was seen loitering around the
   station on the day of the theft and was seen looking at the
   keys on the keyboard, since plaintiffs' allegations could lead
   a reasonable man to conclude that the defendants had placed
   the automobile and keys in places where they might be
   stolen and that it was foreseeable that a theft and injury
   would result (GCR 1963, 117.2[1]).

3. NEGLIGENCE—CAUSATION—SUMMARY JUDGMENT.

   The causation element of actionable negligence must be con-
   sidered in light of the totality of circumstances involved in
   each case, and where the record is silent regarding the time

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 49 Am Jur 2d, Landlord and Tenant § 908 *et seq.*
[2] 41 Am Jur, Pleading § 340 *et seq.*
[3] 41 Am Jur, Pleading § 340 *et seq.*

which has elapsed between the act and the injury and regarding the possibility of intervening causes, the granting of a summary judgment on the issue of negligence is inappropriate (GCR 1963, 117).

Appeal from Macomb, Alton H. Noe, J. Submitted Division 2 October 5, 1971, at Lansing. (Docket Nos. 8334, 8335.) Decided November 22, 1971.

Complaints by Arthur K. Martin and Paula Martin and by Joanne Martin and Michael Martin by their next friend, Paula Martin, against Ronald G. Fowler, The Shell Oil Company, Pete McManamon, Leo Lazuruk, and others for damages from injuries suffered by the Martins when their automobile collided with one stolen by Fowler from the service station owned by Shell and leased by McManamon and Lazuruk. Summary judgment for defendants. Plaintiffs appeal as to defendants Shell, McManamon, and Lazuruk. Affirmed in part and reversed in part.

*Bush, Luce, Henderson, Black & Bankson,* for plaintiffs.

*Nunneley, Nunneley, Hirt & Rinehart,* for defendant Shell Oil Company.

*McIntosh, Oppliger, Mugan & Huegli,* for defendants McManamon and Lazuruk.

Before: QUINN, P. J., and DANHOF and TARGONSKI,* JJ.

DANHOF, J. The plaintiffs commenced this action seeking to recover for damages allegedly sustained

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

when the automobile in which they were riding collided with an automobile being operated by defendant Fowler. Defendants McManamon and Lazuruk and Shell Oil Company moved for summary judgment under GCR 1963, 117.2(1).[1] The trial court held that the plaintiffs had failed to state a claim against these defendants upon which relief could be granted and granted the motions. The plaintiffs have appealed. We affirm the summary judgment granted to Shell Oil; however, we reverse the judgment granted to McManamon and Lazuruk.

McManamon and Lazuruk operated a service station in the City of Dearborn, known as Pete and Leo's Shell Service. The station was owned by Shell Oil Company and leased to McManamon and Lazuruk. Defendants Thomas Phillips and Richard W. Phillips owned an automobile which they left at Pete and Leo's Shell Service for repairs. While the automobile was at the service station it was stolen by Fowler who drove it to Sanilac County where the injury occurred.

In their second amended complaint the plaintiffs' sole allegation against Shell Oil is that it is the owner and lessor of the service station. There are no other allegations of acts or failure to act contained in the complaint. While under some circumstances the lessor may be liable for the torts of his lessee, the condition of being a lessor does not in and of itself impose liability. Thus, with regard to Shell Oil Company the plaintiffs have failed to state a claim upon which relief can be granted.

However, the summary judgment granted to McManamon and Lazuruk must be reversed. We hold

---

[1] The plaintiffs have appealed only the judgments rendered for Shell Oil and McManamon and Lazuruk. Several other defendants were granted summary judgments from which no appeal has been taken and the cause is still pending with regard to defendant Fowler.

that the plaintiffs' second amended complaint contains allegations, which if true, state a claim upon which relief could be granted and therefore summary judgment was improper under GCR 1963, 117.2(1).

The plaintiffs based their claim against McManamon and Lazuruk on the following allegations. The car being driven by Fowler at the time of the injury had been stolen from the service station. The car had been parked in a place where Fowler had easy access to it. Fowler had obtained the keys from a keyboard that was hanging inside the station. The keyboard was located in a place where anyone inside the station would have easy access to it. Defendants' suspicion should have been aroused by Fowler's unusual and distinctive appearance. Fowler had been seen loitering around the station on the day of the theft. The defendants' employees had observed Fowler looking at the keyboard and in particular at the keys to the Phillips vehicle.

In *Davis* v. *Thornton* (1970), 384 Mich 138, the Supreme Court set forth the test to be used in determining whether summary judgment is proper. At p 142 the Court stated:

"A judgment for the defendant, in an action such as this, can properly be made only upon a determination a) that the defendant did act as a reasonably prudent man would have acted under the same or similar circumstances, or b) that the plaintiff suffered no injury, or c) the defendant's negligence did not cause the plaintiff's injury, or d) that the injury caused plaintiff was too insignificantly connected to or too remotely effected by the defendant's negligence."

In the instant case there are two issues: were the defendants negligent, and if so was their negligence

significantly enough connected to the plaintiffs' injuries so that it can be considered a proximate cause of the injuries.

In a motion for summary judgment on the ground of failure to state a claim upon which relief can be granted, all well-pleaded material allegations must be taken as true. *Brunn* v. *Weiss* (1971), 32 Mich App 428. Accepting all that the plaintiffs say as true, the doctrine of *Davis, supra,* compels reversal.

We recognize that factually *Davis* is somewhat removed from this case. However, we still regard *Davis* as controlling. The most obvious distinction between *Davis* and this case is that the keys were not left in the ignition of the car as in *Davis,* but were placed on a keyboard inside the station. We emphasize that we are not holding that it is negligent to make use of a keyboard in a service station, but the plaintiffs have alleged more than that and we must accept their allegations as true. What we have here is essentially the same situation found in *Davis.* The plaintiffs have alleged facts which, if taken as true, could lead a reasonable man to conclude that the defendants placed the automobile and the keys in places where they might be stolen and that it was foreseeable that they would be stolen and injury would result. Therefore, the plaintiffs have properly stated a claim on the issue of negligence and summary determination is inappropriate.

The question of causation is also inappropriate for summary determination. Again we find *Davis* controlling. As we understand *Davis* it holds that whenever it is doubtful whether or not a cause is too remote to be considered a proximate cause the issue should be left to the fact finder and should not be determined summarily.

*Davis* also requires that we, and the trial court, consider the totality of the circumstances. Two con-

siderations which are of importance are the amount of time elapsed between the theft and the injury, and what, if any, intervening causes are present. In this case the record does not show how much time elapsed, and it is also silent on the question of intervening causes. Therefore, summary judgment was inappropriate.

Affirmed in part and reversed in part.

All concurred.