Marilyn LOVELL, Administratrix of the
Estate of Howard Lovell, Deceased,
Plaintiff-Appellant,

v.

CHESAPEAKE & OHIO RAILROAD
COMPANY, Defendant-Appellee.

No. 71–1681.

United States Court of Appeals,
Sixth Circuit.

April 6, 1972.

George J. Bedrosian, Detroit, Mich., for plaintiff-appellant; Paul A. Rosen, Goodman, Eden, Robb, Millender, Goodman & Bedrosian, Detroit, Mich., on brief.

Robert A. Straub, Southfield, Mich., for defendant-appellee.

Before TOM C. CLARK, Associate Justice,* PHILLIPS, Chief Judge, and EDWARDS, Circuit Judge.

EDWARDS, Circuit Judge.

This is an appeal by Mrs. Howard Lovell, administratrix of the estate of her deceased husband, from the dismissal of her negligence action against the appellee, Chesapeake & Ohio Railroad Company. The dismissal came after a jury had been chosen in the United States District Court for the Eastern District of Michigan and all proofs were in. The District Judge held that Mr. Lovell had been guilty of contributory

* Associate Justice of the Supreme Court of the United States (retired), sitting by designation.

negligence as a matter of law, that appellant had not presented proofs that any railroad negligence was a proximate cause of his death, and that this cause of action was specifically barred by a recently adopted amendment to the Trespass Statute of the State of Michigan, M.C.L. § 300.201, M.S.A. § 13.1485 (1967).

Plaintiff's husband, Howard Lovell, was a neighborhood Boy Scout Commissioner. He was killed on a C & O railroad trestle when struck by a C & O train. The facts in relation to the accident were not in serious dispute at trial, but the inferences which a jury could have drawn therefrom were vigorously contested.

Lovell had taken his two sons on a Boy Scout encampment in a state park. The Scoutmaster had outlined a route of march for the Scout group which Lovell was accompanying. The route chosen by the Scoutmaster was along the C & O right-of-way across a trestle over a road and a river into another Scout area. The group was caught by the train in the middle of the trestle. Lovell succeeded in pushing several of the Scouts off the trestle out of the path of the train and was trying to do the same with the last one before the train struck and killed them both.

The only negligence alleged by appellant was the failure of the C & O to fence the right-of-way, as required by M.S.A. § 22.274, M.C.L. § 466.15 (1970). We do not need, however, to analyze whether such failure could pose a jury question on proximate cause under the facts of this case or whether, as the District Judge found, Lovell's conduct constituted contributory negligence as a matter of law. Both of these questions under Michigan law are ordinarily for jury determination. *See generally* Detroit & M. R. Co. v. Van Steinburg, 17 Mich. 99 (1868); Davis v. Thornton, 384 Mich. 138, 180 N.W.2d 11 (1970).

A Michigan statute of fairly recent origin controls this case and requires our affirmance of the District Judge's directed verdict. M.C.L. § 300.201 (M. S.A. § 13.1485) (1967) provides:

"Liability of landowners for injuries to guests; gross negligence, willful and wanton misconduct

"Sec. 1. No cause of action shall arise for injuries to any person who is on the lands of another without paying to such other person a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing or other similar outdoor recreational use, with or without permission, against the owner, tenant or lessee of said premises unless the injuries were caused by the gross negligence or willful and wanton misconduct of the owner, tenant or lessee. P.A.1953, No. 201, § 1, Eff. Oct. 2, as amended P.A.1964, No. 199, § 1, Imd. Eff. May 22."

The historical note concerning this statute says:

"The 1964 amendment extended the non-liability provisions to protect against claims of one gratuitously entering land for purposes of 'camping, hiking, sightseeing or other similar outdoor recreational use.' "[1]

The only basis upon which appellant claims exemption from the terms of this statute is that her husband went on the premises not for hiking or recreational purposes, but in the course of the rescue effort which led to his ultimate death. It is, however, undisputed that Lovell was struck by the train and killed at the far end of the trestle which the Scouts were crossing. The testimony presented by plaintiffs and the physical facts of the accident make it impossible for a reasonable man to believe that Lovell's entrance upon the railroad property was caused by the danger to the Scouts which ultimately caused his death. View-

1. This court's decision in Pierce v. New York Central Railroad Co., 409 F.2d 1392 (6th Cir. 1969), pertained to an accident which occurred prior to this 1964 amendment.

ing the facts from the position most favorable to appellant, Lovell entered on the railroad property for the purpose of the scouting hike within the meaning of M.C.L. § 300.201. In short, Lovell became a trespasser under Michigan law before he became a hero. And the Michigan statute deprives his widow of a cause of action absent proofs of gross negligence or wanton or willful misconduct on the part of the railroad. Heider v. Michigan Sugar Co., 375 Mich. 490, 134 N.W.2d 637 (1965), cert. dismissed as improvidently granted, 385 U.S. 362, 87 S.Ct. 532, 17 L.Ed.2d 427 (1966). Admittedly, no such facts have been alleged or proved.

No equitable considerations (other than that just discussed) suggesting inapplicability of the Trespass Statute are argued to us· or have to this date been defined by the Michigan Supreme Court.

The judgment of the District Court is affirmed.