**Albert HARTWICK, Elizabeth Hartwick, Plaintiffs-Appellants.**

**v.**

**UNITED STATES STEEL CORPORATION, Defendant-Appellee.**

**No. 72–1280.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 12, 1972.

Decided Jan. 18, 1973.

James A. Tuck, Goodman, Eden, Millender, Goodman & Bedrosian, Detroit, Mich., for plaintiffs-appellants; William H. Goodman, Detroit, Mich., on brief.

Gilbert E. Gove, Miller, Canfield, Paddock & Stone, Detroit, Mich., for defendant-appellee; John A. Marxer, Detroit, Mich., on brief.

Before CELEBREZZE and MILLER, Circuit Judges, and HOGAN *, District Judge.

---

* The Honorable Timothy S. Hogan, United States District Judge for the Southern District of Ohio, sitting by designation.

WILLIAM E. MILLER, Circuit Judge.

This is a negligence action against United States Steel Corporation arising from the injury of Albert Hartwick, the appellant,[1] while he was foreman for the C-Way Construction Company. The United States Army Corps of Engineers had contracted with C-Way, appellant's employer, for the construction of a lock on the Crooked River near Alanson, Michigan. The appellant was in charge of the steel pile driving crews.

In order to construct the lock it was necessary first to divert the river and to fill the river bed with gravel. Two cells, each 15 feet wide and 80 feet long, were then to be contructed on the sides of the old river bed. The cell walls were to consist of a continuous web of sheet piling to be driven some 27 feet into the ground by a pile driver. The sheet piling was manufactured by the appellee, United States Steel Corporation.

The sheets of piling are "Z" shaped, about 18 inches wide and varying in length from 27 to 28 feet. On each edge of the piling and extending the entire length of one edge there is a ball or a socket allowing the sheets of piling to be attached to one another. To assemble the piling around the cell, it is necessary to lift a sheet some 30 feet into the air and align the ball of that sheet with the corresponding socket of the adjacent sheet. After the ball and socket are initially aligned, the sheet piling is lowered into place and driven into the ground. Correctly manufactured, the sheets will form a straight line when installed. The sheets of piling manufactured by the appellee, however, would not align properly. When the pilings were threaded together the sheets would be from 4 to 6 inches out of alignment. It was uncontradicted at trial that appellee was aware of this defect in the piling when it was manufactured.

In order to correct the defect the appellant's employer used a system of chains and chain binders to pull the piling back into alignment, so that it could be correctly driven into the ground. During the pile driving process, tension is placed on the chains and binders as they hold the pile in alignment. At the time of the accident the appellant was releasing the tension on a chain and chain binder attached to a pile that had been driven into the ground. When the binder was first attached to the chain holding the pile, a small wire had been placed around the handle of the binder to prevent it from being inadvertently knocked open. To release the tension on the chain and binder, the appellant removed the wire from the binder's handle. The handle snapped open, striking the appellant on the shin and causing the injury.

After completion of the appellant's proof, the appellee moved for a directed verdict. This motion was granted by the district court. In its ruling on the motion the district court found that the appellee's manufacture of the pilings was not the proximate cause of the appellant's injury.

The jurisdiction of the court was based upon diversity of citizenship. Directed verdicts are not favored in Michigan. Blazo v. Neveau, 382 Mich. 415, 170 N.W.2d 62 (1969); See Serratoni v. Chesapeake & Ohio Ry., 333 F.2d 621 (6th Cir. 1964). The standard to be applied for directed verdicts is succinctly stated in *Blazo:*

> On a motion for directed verdict it is the duty of the trial judge to review all the evidence, giving to the opposing party the benefit of all conflicts and inferences, and decide if there is any evidence from which the jury could reasonably find a verdict contrary to the moving party. 382 Mich. at 424, 170 N.W.2d at 66.

---

1. This opinion specifically refers to the appellants, Albert Hartwick and Elizabeth Hartwick, only in the singular since any possible recovery by Elizabeth Hartwick is dependent upon her husband's negligence action. The complaint alleges that she has been damaged by "Loss of society, companionship, love, affection and services of her husband . . . ."

If reasonable minds can differ, the question should be submitted to the jury. Davis v. Thornton, 384 Mich. 138, 180 N.W.2d 11 (1970).[2]

■ The district court found that the injury was not a natural event flowing from the appellee's "negligent construction of the pilings . . . ." In so ruling the court thus assumed that the appellee was negligent in its manufacture of the pilings and there is substantial evidence in the record to support this conclusion. The Michigan Supreme Court has made clear that the question of proximate cause, in case of doubt, is for the jury. As the court stated in Davis v. Thornton, *supra* at 145, 180 N.W.2d at 15.

But determination of negligence alone does not end the inquiry. Once a jury or judge has found that the defendant was negligent and that the plaintiff suffered injuries, it must be determined, whether the plaintiff's injuries were *caused* by the defendant's wrongful conduct and, then, if the defendant did *cause* the injuries, judge whether the plaintiff's injuries were too insignificantly related to or too remotely effected by the defendant's negligence.

Of all the elements necessary to support recovery in a tort action, causation is the most susceptible to summary determination for it usually amounts to a logical connection of cause to effect. However, any doubts about the connections between the causes and the effects, should be resolved by the jury.

In Parks v. Starks, 342 Mich. 443, 448, 70 N.W.2d 805, 807 (1955), the court quoted with approval from 38 Am.Jur. Negligence, § 55 at 705 (1941):

The proximate cause of an injury is not necessarily the immediate cause; not necessarily the cause nearest in time, distance, or space. Assuming that there is a direct, natural, and continuous sequence between an act and an injury, . . . the act can be accepted as the proximate cause of the injury without reference to its separation from the injury in point of time or distance.

This holding was reaffirmed by the court in McKine v. Sydor, 387 Mich. 82, 88, 194 N.W.2d 841, 844 (1972).

Since we must assume that the appellee's manufacture was negligent, under the applicable Michigan precedents the element of the foreseeability of the harm is removed. As noted in Davis v. Thornton, *supra*, 384 Mich. at 146, 180 N.W.2d at 15:

The jury must then bridge the gap between the plaintiff's injuries and the defendant's negligence. This is the determination of cause and the remoteness of the effect. Once negligence is determined, foreseeability of harm should no longer be considered.

Causation is a process of logical determination, while the significance of the connections—remoteness—is a policy determination.

■ There is no doubt from the record before us that the appellee's negligent construction was at least one of the causes of the appellant's injury. Plainly the accident and injury would not have occurred absent such negligence. Thus we are left with the question of remoteness. As the Michigan Supreme Court has demonstrated, such an issue, as that of negligence itself, should ordinarily be determined by the jury:

The determination of remoteness, however, should seldom, if ever, be summarily determined.

Both the determination of remoteness and of negligence should almost always be left to the jury. Davis

2. We need not determine here whether the rule governing the direction of verdicts is "substantive" or "procedural" within the meaning of the *Erie* rationale. This is true because the federal and Michigan rules appear to be substantially identical.

For the Federal rule see 5A Moore, Federal Practice ¶ 50.02(1) (2d ed. 1971). For the Michigan rule see the cases cited in this opinion, particularly Davis v. Thornton, 384 Mich. 138, 180 N.W.2d 11 (1970).

v. Thornton, *supra*, 384 Mich. at 147–148, 180 N.W.2d at 16.

Under these principles declared by the highest court of Michigan, we feel that there is sufficient connection between the appellee's negligent construction or manufacture of the pilings and the appellant's injury that reasonable minds could differ on the issue of causation and hence that the issue of proximate cause should have been left to the jury.

Although the district court made reference to the possibility of contributory negligence, he made no specific ruling on this issue and we therefore express no opinion with respect to it.

The judgment of the district court is reversed and the action is remanded for further proceedings not inconsistent with this opinion.