KOSKI v AUTOMATIC HEATING SERVICE

1. APPEAL AND ERROR—SUMMARY JUDGMENT—COURT RULES.

   The standard on appeal for reviewing a grant of summary judgment to a defendant based upon there being no genuine issue as to any material fact is whether the pleadings, along with the depositions of witnesses, including inferences that may arise therefrom, when viewed in a light most favorable to plaintiff, state a cause of action upon which plaintiff may be awarded damages (GCR 1963, 117).

2. PRODUCTS LIABILITY—DEFECTIVE DESIGN—CIRCUMSTANTIAL EVIDENCE.

   Evidence of defective design in a products liability case may be circumstantial; the defect may be inferred from the behavior of the product.

3. NEGLIGENCE—DIRECT CONSEQUENCES—FORESEEABILITY.

   A defendant is held responsible for injurious consequences of his negligent acts or omissions which occur naturally and directly, without reference to whether he anticipated or reasonably might have foreseen such consequences.

4. NEGLIGENCE—PRUDENT MAN.

   On the question of what is negligence, it is material to consider the consequences that a prudent man might reasonably have anticipated.

5. NEGLIGENCE—PROXIMATE CAUSATION—FORESEEABILITY.

   A negligent act may be the proximate cause of a personal injury, even though the particular injury or the particular manner in

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 1053.
   73 Am Jur 2d, Summary Judgment § 40.
[2] 63 Am Jur 2d, Products Liability § 13.
[3] 57 Am Jur 2d, Negligence §§ 166, 167, 170.
[4] 57 Am Jur 2d, Negligence §§ 68, 78.
[5] 57 Am Jur 2d, Negligence §§ 132, 153–163.
[6] 73 Am Jur 2d, Summary Judgment §§ 6, 44.

which it occurred is not foreseen, provided that some injury might have been anticipated.

6. JUDGMENT—SUMMARY JUDGMENT—NEGLIGENCE—SALES—IMPLIED WARRANTIES—HOME HUMIDIFIERS—HYPERSENSITIVITY—PNEUMONITIS—FORESEEABILITY.

Summary judgments for a defendant manufacturer and an installer of a home humidifier, in an action brought by a plaintiff who developed hypersensitivity pneumonitis after exposure to a fungus which was breeding in the home humidifier, were erroneously granted where the plaintiff alleged that defendants were either negligent or in breach of an implied warranty, that a natural and probable result of placing the humidifier in the path of a hot-air furnace outlet was to create a breeding place for fungi, and where there was evidence to support these allegations, even though the plaintiff's particular illness was not foreseeable at the time the humidifier was manufactured and at the time it was installed.

Appeal from Saginaw, Joseph R. McDonald, J. Submitted February 2, 1977, at Lansing. (Docket No. 29385.) Decided April 19, 1977.

Complaint by Cyril F. Koski and Priscilla B. Koski against Automatic Heating Service and Herrmidifier Company, Inc., for damages for an illness suffered by Priscilla Koski after exposure to a fungus which was breeding in a home humidifier. Summary judgments for defendants. Plaintiffs appeal. Reversed and remanded.

*Collison & Fordney, P. C.,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P. C.* (by *William D. Booth* and *Michael T. Lynch),* for Automatic Heating Service.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *Wayne D. Gardner),* for Herrmidifier Company, Inc.

Before: D. C. Riley, P. J., and T. M. Burns and Beasley, JJ.

Beasley, J. This product liability case arose when Priscilla B. Koski (the principal plaintiff and herein referred to as "plaintiff") incurred a little-known medical illness known as hypersensitivity pneumonitis. She claims that the cause of her medical difficulty was inhalation of a fungus known as thermophilic actinomyces from a home humidifier, and seeks damages against defendants on theories of negligence and breach of warranties.

On January 2, 1963, defendant Automatic Heating and Air-Conditioning Sales and Service, Inc. (hereinafter referred to as Heating Service) sold and installed a model 707 "Return-Aire" humidifier on a furnace in a house in Saginaw County. The record indicates that defendant Herrmidifier Company, Inc. (hereinafter referred to as Herrmidifier) manufactured the humidifier in controversy in 1962.

Subsequently, in February 1968, Cyril and Priscilla Koski purchased this residence. Although previously enjoying generally good health, within months Priscilla Koski began experiencing medical difficulties which eventually, in 1970, after extensive medical examination, were diagnosed as hypersensitivity interstitial pneumonitis caused by inhalation of a fungus known as thermophilic actinomyces. Expert testimony related her condition causally to the humidifier mounted on the furnace in her home. Plaintiff claimed that the humidifier was placed so that the water in the humidifier reservoir was unduly heated, thus creating a condition where the fungus would be likely to grow.

Defendants moved for summary judgment, as-

serting that there was no genuine issue as to any material fact except the amount of damages and that at the time of manufacture and delivery of the humidifier it was not reasonably foreseeable that an organic growth would develop in the humidifier and that a person hypersensitive to that fungus would thereby develop the condition known as hypersensitivity pneumonitis. Specifically, defendants say that the medical profession did not become aware of the possibility of incurring hypersensitivity pneumonitis from inhaling a fungus grown in a home humidifier until much later than 1963, probably not until 1969 or 1970. Therefore, defendants say that nothing they did or did not do could be the proximate cause of plaintiff's illness because at the time of manufacture and delivery it was not reasonably foreseeable. Since foreseeability of damage is an indispensable element of proximate cause, defendants conclude that they could not, as a matter of law, be responsible and that they are entitled to summary judgment.

In a carefully prepared written opinion, the trial judge granted the motion for summary judgment saying, among other things, as follows:

"Thus, the foreseeability of injury is a necessary requirement in order to impose upon the manufacturer of a product a duty to take steps to avoid creating an unreasonable risk of that injury occurring.

Since the type of allergic reaction suffered by the Plaintiff Priscilla Koski was not known to medical science according to the Plaintiff's own witnesses, there could certainly be no duty on the part of Defendant Herrmidifier to warn the users of his product. A duty to warn does not exist as to all product connected dangers in all situations. There is no duty to warn of a danger of which the manufacturer or seller had no actual or constructive knowledge.

This Court is well aware that the granting of a

motion for summary judgment should be granted with great care and deliberation. The Court has very carefully reviewed the pleadings and argument of counsel, and finds there is no genuine issue as to any material fact, and that there are no allegations of fact, which, if accepted as true would support the claim of the Plaintiffs, and entitle them to judgment against Defendant Herrmidifier".

For purposes of appellate review, the standard to be applied is whether the pleadings, taken together with the motions for summary judgment and answers thereto, along with the depositions of witnesses, when viewed in the light most favorable to plaintiff, including inferences that may arise therefrom, state a cause of action upon which plaintiff may legally be awarded damages. GCR 1963, 117; *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973). Stated in a more limited way, the issue is, was it reasonably foreseeable in 1963 that a humidifier could cause a condition where a fungus would grow that would cause hypersensitivity pneumonitis in an allergic person? If, on this record, it is possible for a person to so conclude, then the summary judgments were improvidently granted.

The evolving law of product liability now recognizes that evidence of defective design may be circumstantial. That is, the defect may be inferred by the behavior of the product. *Snider v Bob Thibodeau Ford, Inc,* 42 Mich App 708; 202 NW2d 727 (1972). In the instant case, plaintiff offers alternative theories of liability, one of which is that installing the humidifier over the ventilating grille from the furnace burner and directly in front of the hot air plenum from the furnace served to heat the water in the humidifier reservoir so as to establish a breeding ground for the

fungi that allegedly caused illness to the plaintiff. This theory appears to raise facts and issues for determination by a jury.

The limited basis upon which the summary judgments for defendants were granted was that, granting any or all of plaintiff's theories, defendants' purported negligence could not be the proximate cause of plaintiff's medical illness because neither the illness nor the fungi as a cause had been discovered in 1963. This granting of summary judgment was on a narrow basis. For purposes of deciding whether to grant summary judgment, apparently defendants would admit there was evidence, if believed by the jury, which would support a finding of negligence or breach of implied warranty. But, defendants say, even so, such breach of implied warranty cannot be the proximate cause of plaintiff's illness because until several years after delivery and installation of the humidifier the medical profession had not diagnosed or named plaintiff's ailment; therefore, defendants cannot be held to have foreseen injury to plaintiff and, thus, defendants' alleged breach of warranty was not the proximate cause of plaintiff's illness.

Contrary to this analysis is *Davis v Thornton* 384 Mich 138, 147; 180 NW2d 11 (1970), where the Court said:

" 'It appears that the modern trend of judicial opinion is in favor of eliminating foreseeable consequences as a test of proximate cause, except where an independent, responsible, intervening cause is involved. The view is that once it is determined that a defendant was negligent, he is to be held responsible for injurious consequences of his negligent act or omission which occur naturally and directly, without reference to whether he anticipated, or reasonably might have foreseen such consequences. Apparent inconsistencies between this view and the language of former decisions has been

explained on the ground that while in many instances the decisions have spoken of foreseen or foreseeable consequences as a test of proximate cause, what the court really had in mind *was liability for negligence* without differentiating between the original question of whether there was a breach of duty to use due care and the question of proximate cause. Logically, the question of liability is always anterior to the question of the measure of the consequences that go with liability, and where there is no tort there is no question of remote or proximate cause. On the question of what is negligence, it is material to consider the consequences that a prudent man might reasonably have anticipated; but when negligence is once established, that consideration is wholly immaterial on the question of how far it imposes liability. There is no need for discussing proximate cause in a case where the negligence of the defendant is not established, but when his negligence has been established, the proximate result and amount of recovery depend upon the evidence of direct sequences, and not upon defendant's foresight.' 38 Am Jur, Negligence, §§ 58, 709, 710. (Emphasis added.)"

*LaPointe v Chevrette,* 264 Mich 482; 250 NW 272 (1933), is authority for the proposition that a negligent act may be the proximate cause of personal injury even though the specific particular injury is not foreseen, provided that some injury might have been anticipated. Citing *Baker v Michigan C R Co,* 169 Mich 609, 618–619; 135 NW 937 (1912), the *LaPointe* court said:

"Where an act is negligent, to render it the proximate cause, it is not necessary that the one committing it might have foreseen the particular consequence or injury, or the particular manner in which it occurred, if by the exercise of reasonable care it might have been anticipated that some injury might occur."

Plaintiff's theory here is that a natural and probable result of placing the humidifier directly

in the path of a hot air outlet was to create a breeding place for fungi which, in turn, caused plaintiff's illness. There is evidence in this record which, if believed, would support plaintiff's conclusion. On the other hand, it may well be that the chance of injury to a person in the category of this plaintiff was not reasonably foreseeable by defendants and was too remote an effect to impose liability upon defendants; but, that decision is for a jury under an appropriate instruction. We are not prepared to say that all reasonable persons would reject plaintiff's theory and interpretation of the evidence. Therefore, the summary judgments for defendants are reversed and the cause remanded for trial on the merits. Costs to plaintiff.