888 F.2d 1391
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dale LEWIS, Laurie Lewis, Plaintiffs-Appellants,
v.
The YALE COMPANY, A Division of the Eaton Corporation,
Defendant-Appellee,
Beverage Management, Inc., d/b/a 7-UP Canada Dry Bottling
Co. of Detroit, Defendant.
 No. 88-1944.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1989.
 
 Before BOYCE F. MARTIN, Jr., and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 BOYCE F. MARTIN, Jr., Circuit Judge.
 
 
 1
 Dale and Laurie Lewis appeal the district court's order granting summary judgment for defendant Eaton Corporation in this Michigan diversity product liability action. We reverse and remand.
 
 
 2
 Dale Lewis was employed by Beverage Management, Inc. as a forklift truck operator. On November 19, 1985, he was injured when, after placing the forklift in neutral, dismounting and walking in front of it, the forklift shifted itself into forward and struck him, causing knee and leg injuries. Lewis had not set the parking brake before dismounting from the forklift.
 
 
 3
 The forklift, which was manufactured by Eaton, had originally been equipped with a warning horn which sounded if an operator left the seat without setting the parking brake. Beverage Management, however, had disconnected the warning horn.
 
 
 4
 Lewis filed a personal injury suit against Beverage Management and Eaton. The district court ruled that as a matter of law the conduct of Beverage Management constituted an intentional tort. As to Lewis's claim against Eaton, however, the district court found that Beverage Management's act was unforeseeable, and consequently granted Eaton's motion for summary judgment.
 
 
 5
 The sole relevant issue on appeal is whether, under Michigan law, Beverage Management's disconnection of the warning horn was unforeseeable and thus constituted an intervening and superseding cause of Lewis's accident. Lewis argues that the disconnecting of the horn was not unforeseeable because the horn made an irritating noise and could have been disconnected by anyone. Eaton, conversely, argues that Beverage Management's conduct was unforeseeable and thus was an intervening and superseding cause of Lewis's accident. We find that it cannot be said as a matter of law that Beverage Management's conduct was unforeseeable and operated as an intervening and superseding cause breaking the chain of causation.
 
 
 6
 Under Michigan law in determining whether to grant a motion for a directed verdict, the trial court must view the evidence in a light most favorable to the nonmoving party and determine whether a prima facie case is thereby established. Clery v. Sherwood, 151 Mich.App. 55, 63-64, 390 N.W.2d 682 (1986). The motion should be granted only when the evidence, viewed in this manner, fails to present a material issue of fact upon which reasonable minds can differ. Dixon v. W.W. Grainger, Inc., 168 Mich.App. 107, 110, 423 N.W.2d 580 (1987).
 
 
 7
 In order to avoid a directed verdict in the defendant's favor in a product liability case, the plaintiff is obligated to produce evidence reasonably leading to the conclusion that the defendant supplied a product which was defective and that this defect caused the plaintiff's injury. Caldwell v. Fox, 394 Mich. 401, 410-11, 231 N.W.2d 46, 50 (1975). From the record, it is clear that Lewis has stated a prima facie product liability case against Eaton for the defective design of the forklift. Lewis alleges that the gear shift of the forklift was negligently designed and manufactured in such a way as to allow the forklift to jump out of neutral into forward gear. Lewis also alleges that feasible, alternative designs existed which were safer than the design chosen by Eaton. These allegations, if proven, could certainly support a finding of negligence.
 
 
 8
 Whether the defendant's negligent conduct is deemed to have caused the plaintiff's injury is a question of proximate causation. There may, of course, be more than one proximate cause contributing to an injury. Comstock v. General Motors Corp., 358 Mich. 163, 180, 99 N.W.2d 627, 636 (1959). Proximate causation, or the lack of it is generally a question of fact to be decided by a jury. Toth v. Yoder Co., 749 F.2d 1190, 1196 (6th Cir.1984) (citing Gronlie v. Positive Safety Manufacturing Company, 50 Mich.App. 109, 212 N.W.2d 756, (1973)); Davis v. Thornton, 384 Mich. 138, 180 N.W.2d 11 (1970); Comstock v. General Motors Corp., 358 Mich. 163, 99 N.W.2d 627 (1959). Therefore, unless it can be said as a matter of law that there was sufficient intervening conduct which operated as a superseding cause breaking the chain of causation, the issue of proximate causation should be left to the jury. Id.
 
 
 9
 In Comstock v. General Motors Corp., the Michigan Supreme Court specifically addressed the issue of whether an intervening negligent act constituted a superseding cause. The court adopted the following rule provided in Restatement (Second) of Torts, Secs. 440-442, 447:
 
 
 10
 Where an act of negligence is a substantial factor in bringing about an injury, it does not cease to be a legal and proximate cause thereof because of the intervention of a subsequent act of negligence of another which contributed to the injury, if the prior act of negligence is still operating, and the injury inflicted is not different in kind from that which would have resulted from the prior act.
 
 
 11
 358 Mich. at 179, 99 N.W.2d at 635.
 
 
 12
 The facts in this case indicate that Eaton's alleged negligence was operative to the point of impact in this accident, and the injury which resulted was the kind of injury which a defective gear shift would cause.
 
 
 13
 The Comstock court then went on to cite with approval the following, additional rule provided in Restatement (Second) of Torts, Sec. 447:
 
 
 14
 The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if
 
 
 15
 (a) the actor at the time of his negligent conduct should have realized that a third person might so act, or
 
 
 16
 (b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted....
 
 
 17
 Id.
 
 
 18
 The key inquiry in resolving the question of superseding cause, therefore, is foreseeability. Where a plaintiff is injured by a manufacturer's product, the intervening conduct of the plaintiff's employer does not insulate the manufacturer from liability unless the employer's act is unforeseeable. Toth v. Yoder, 749 F.2d at 1197. Antecedent tortfeasors are not relieved of liability as the result of consequences which they should have anticipated under the circumstances. Id. (citing Gracyalny v. Westinghouse Electric Corp., 723 F.2d 1311, 1323 (7th Cir.1983)).
 
 
 19
 The district court found that the actions of Beverage Management were unforeseeable because under Michigan law employers are under a duty to furnish their employees with a reasonably safe place to work. M.C.L.A. Sec. 408.1011. We disagree.
 
 
 20
 Under Toth and Comstock, it is sufficient if what occurred was one of the kind of consequences which might reasonably be foreseen. We hold that a jury could find that it was reasonably foreseeable that the warning horn would be disconnected. The horn made an irritating noise and could easily be disconnected by anyone. In addition, the work area where the forklift is used is a highly pressured place, with constant demands for quick and continued productivity. The fact that Beverage Management was under a duty to have a safe work place does not make the act of disconnecting the warning horn unforeseeable because the horn could have just as easily been disconnected by one of the employees.
 
 
 21
 Under the facts of this case, therefore, we believe that Lewis's claims of negligence and proximate causation of his injury on the part of Eaton were properly questions of fact for the jury.
 
 
 22
 Accordingly, we reverse and remand for trial.